GOODRICH, Adm'r, *v.* TREAT, Adm'r.

1. A policy of insurance is to be interpreted by the same rules that apply to other contracts, and to be enforced according to the intention of the parties.

2. At common law a husband could effect an insurance upon his life for the benefit of his wife and her heirs.

3. The common law right of the husband surviving the wife to exclusively administer upon and enjoy the personal estate of the wife does not obtain in this State.

*Error to Probate Court of Arapahoe County.*

THE facts in this case as well as the character of the action are sufficiently stated in the opinion of the court.

It was insisted by the plaintiff that a policy could not be effected by the husband for the benefit of the wife and her heirs in the absence of an enabling statute. Also that the insured, being insolvent, could not invest money in an insurance policy for the benefit of his wife and her heirs to the exclusion of his creditors without statutory aid. That, aside from such investment being a fraud upon creditors, the statute invested the administrator with all the personal property of the decedent, first for the payment of debts and next to be distributed under the direction of the probate court. That the proceeds of the policy both by the common law and the statute should go into the hands of the administrator of the insured decedent to be distributed.

Messrs. FRANCE & ROGERS, for plaintiff in error.

Messrs. BENEDICT & PHELPS, for defendant in error.

ELBERT, J.    Leander M. Sprague insured his life for the benefit of his wife, Mary E. Sprague, her heirs, executors or assigns. The wife died Dec. 10, 1872, and the husband about two years thereafter, leaving three minor children, issue of the marriage. The premiums were all paid by the husband, some before and some after the death of his wife.

Goodrich, administrator of the husband, brings this suit to recover the proceeds of the policy paid by the company to Treat, administrator of the wife. Declaration for money had and received and general issue.

The evidence offered by the plaintiff to show the insolvency of Sprague at the date of the policy, and that it continued until his death, was properly rejected.

Whatever their rights under the facts of this case the creditors were not before the court, and an administrator cannot avoid the contracts of his intestate, on the ground

that they are in fraud of his creditors. The administrator is a mere representative of his intestate, and where his intestate would have been bound, the administrator will also be bound. Bump on Fraud. Con. 443 and cases there cited.

It is insisted, however, that independent of the question that the contract was in fraud of creditors, the administrator of the husband is entitled to the proceeds of the policy. Policies of insurance are but written contracts to be interpreted by the same rules applicable to other contracts, and to be enforced according to the intention of the parties.

At common law the husband could effect a valid contract of insurance on his own life for the benefit of his wife and her heirs. In such case the interest which he had in his own life supported the policy. *Campbell* v. *New Eng. Ins. Co.*, 98 Mass. 381 ; *Baker* v. *Union Mutual L. Ins. Co.*, 43 N. Y. 283 ; *McKee* v. *Phœnix Ins. Co.*, 28 Mo. 383.

Such a provision by the husband for his wife and heirs is of the most meritorious character, and as between their respective representatives we see no reason why the contract should not have effect and be enforced in accordance with the intentions of the husband therein expressed.

In determining who is entitled to personalty the law of the intestate's actual domicile at the time of his or her death must govern. Story on Laws, § 481.

The record shows the domicile of the husband in this State at the date of his death, and the law presumes the wife's domicile to be that of her husband.

The beneficial interest in this policy was in the wife, and belonged for what it was worth to her separate estate. The claim that it was in the power of the husband to change the beneficiary, or allow the policy to lapse by non-payment of the premiums, can make no difference so long as the right remained unexercised.

These contingencies might affect the value of the wife's interest, but would neither exclude nor destroy the wife's title so long as they remained in possibility only.

In this State, administration and distribution are governed by statute. The common law right of the husband surviving the wife to exclusively administer upon and enjoy her personal estate does not here exist.

The decision in the case of *Mutual Benefit Ins. Co. v. Atwood*, 24 Gratt. 497, is based on this right of survivorship at common law, and the dicta of the cases of *Eadis v. Slimmon*, 26 N. Y. 9, and *Barry v. Equitable, etc., Co.*, 59 id. 587, cited and relied upon by the plaintiff, it is supposed rest upon the same common law rule.

The policy was payable to Mary E. Sprague, her heirs, executors or assigns, and upon her death the beneficial interest passed to her representatives, who, upon the death of the husband, became entitled to the proceeds of the policy to be administered and distributed under the law.

Whether, under the terms of the policy and our statutes, upon an order of distribution, the representatives of the husband would be entitled to a distributive share as representing a distributee of the wife's estate, need not be determined.

The judgment of the court below is affirmed with costs.

*Affirmed.*