## ANNIE STAIGG *vs.* GEORGE ATKINSON.

Suffolk.   March. 7. — June 28, 1887.   FIELD, C. ALLEN, & GARDNER, JJ., absent.

A testator made a will in Rhode Island, where he was domiciled, by which he gave his property in trust, directing the payment of his debts, and providing for his wife, but not declaring the provision to be in lieu of dower. He changed his domicil to this Commonwealth, where he died. At the time of his death, he owned lands in both of these States, and also in Minnesota. The widow accepted the provision of the will in her favor. By the law of each of the foreign States, such acceptance would not bar her right of dower or one third interest in the lands therein. The lands in this Commonwealth and in Rhode Island were subject to mortgages. By a statute of Minnesota, the widow's interest was "subject in its just proportion with the other real estate for such debts of the deceased as are not paid from the personal estate." The executor of the will, under a power therein, sold the land in Minnesota; and the widow brought an action against him here for one third of the proceeds of the sale. *Held*, that the Pub. Sts. c. 127, § 20, providing that a widow shall not be entitled to her dower in addition to the provisions of her husband's will, unless such plainly appears to have been his intention, did not apply to lands outside of this Commonwealth; and that the widow's interest in the proceeds of the sale was bound to contribute to the payment of the mortgages upon the lands in this Commonwealth.

CONTRACT for money had and received by the defendant to the plaintiff's use. The case was submitted to the Superior Court, upon agreed facts, in substance as follows:

The plaintiff is the widow of Richard M. Staigg, who died on October 11, 1881, at Boston, in this Commonwealth, where he was then domiciled, leaving a will, which was duly executed, on June 7, 1877, in the State of Rhode Island, where he was then domiciled, which was duly proved and allowed in this Commonwealth, and which contained the following provisions:

"I give, devise, and bequeath unto my executors hereinafter mentioned, the survivors and survivor of them, all my estate both real and personal, and all the rents, issues, and profits thereof, to have and to hold the same upon the trusts and subject to the directions following, to wit:

"1. To pay all my funeral charges, and all my just debts.

"2. To pay to my wife, Annie Staigg, the sum of ten thousand dollars for and during her natural life, and the house at Newport in Pelham Street.

"3. To divide the rest, residue, and remainder of my estate, or the proceeds thereof, and after the death of my wife," among certain relatives named.

"4. I authorize and empower my executors, or the survivors or survivor of them, whenever they or the survivors or survivor of them may deem it for the best interests of my estate, to sell all or any part or portion thereof at public auction or private sale in their discretion, and to make valid conveyances thereof, and to invest the proceeds arising from such sales in bonds and mortgages or State stocks, to be held by my executors, the survivors or survivor of them, on the same trusts as above expressed."

The defendant was duly appointed and qualified as sole executor and trustee.

At the time of his decease, the testator owned certain real estate in this Commonwealth and in Rhode Island, subject to mortgages thereon, in which the plaintiff joined in release of her dower. He also owned other real estate in Rhode Island and in Minnesota, which was unincumbered.

In 1882, the defendant brought a bill in equity against the plaintiff and others in this Commonwealth, praying for the instructions of the court as to the construction of the will; and

the following decree was made: "That said Annie Staigg is entitled to all provisions made for her by said will, notwithstanding she has not released her dower in the State of Rhode Island nor in that of Minnesota."

In 1882 the defendant filed a bill in the Supreme Court of Rhode Island to determine the rights of the widow and of the other devisees under the will in the Rhode Island real estate, and it was determined by said court, first, that the widow took in fee simple the land in Pelham Street, named in the will; secondly, that she was entitled to take the same exonerated from the mortgage, if the estate not specifically devised was sufficient to pay the same, and that any deficiency must remain a charge on the land; thirdly, that she was entitled to dower out of the other land in Rhode Island; and fourthly, that she was not bound, as between herself and the devisees of the residuary estate, to contribute her dower in the other land to pay off the mortgage on the land in Pelham Street. This case is reported in 13 R. I. 725.

The plaintiff has not waived the provision of the will in her favor.

The defendant as executor has held in trust for the plaintiff the $10,000 given her by the will; has paid off and discharged the mortgage on the house in Pelham Street, in Newport, Rhode Island; and has also set apart in trust for the plaintiff, for her life, her proper legal proportion, by way of dower, in the proceeds of the other land in Rhode Island. The plaintiff has entered into and taken possession of the house in Pelham Street, free of said mortgage, and has also accepted the other provisions above mentioned, made for her benefit, in the will. The lands in Massachusetts were sold by the executor, and the widow joined with him in token of her release of her right of dower therein. The proceeds of the sale of each parcel exceeded the amount of the mortgage thereon. The personal estate of the deceased exceeded in amount the expenses of administration, the unsecured debts, and the mortgage on the Pelham Street house. In paying off the mortgages, as in paying the other debts, the executor had no regard to particular funds, but paid them out of any funds in his hands. The funds remaining in the hands of the executor, after payment of all the debts, secured and

unsecured, the expenses of administration, and the legacies above mentioned, have been by the executor paid over to the residuary legatees, as provided in the will.

The widow has never received any portion of these proceeds, nor has she ever made any claim upon him for them.

The defendant sold the lands in Minnesota, and collected the proceeds, which he now holds. The plaintiff joined in the conveyance for the purpose of assuring to the purchaser a good title, but this joinder was not intended as, and was not, a waiver of any right to the proceeds which she might otherwise have had, but she is entitled to the same proportionate share of said proceeds that she was entitled to of said land.

One third of said proceeds amounts to $2689.86. If the plaintiff is entitled to one third, and is not liable to contribute out of it to the payment of the mortgages on the real estate in this Commonwealth, judgment is to be entered for her in the sum of $2689.86; if she is entitled to said one third, but is liable to such contribution, judgment is to be entered for her in the sum of $2205.69.

The parties also put in, as evidence of the law of Rhode Island and of Minnesota, the Gen. Laws of Minnesota of 1875, *c.* 40, which abolished estates in dower and by the curtesy, and provided that, upon the death of a husband or wife who was seised or possessed of any estate in lands within the State, " such surviving husband or widow shall also be entitled to and shall hold in fee simple, or by such inferior tenure as the deceased was seised or possessed thereof, one undivided one third of all other lands of which the deceased died seised or possessed, free from any testamentary disposition thereof to which such survivor shall not have assented in writing, but subject in its just proportion with the other real estate for such debts of the deceased as are not paid from the personal estate ; " and the cases of *Atkinson* v. *Staigg*, 13 R. I. 725; *Washburn* v. *Van Steenwyk*, 32 Minn. 336; and *Van Steenwyck* v. *Washburn*, 59 Wis. 483.

It was agreed by the parties that the land of which a testator dies seised in Rhode Island and in Minnesota is liable, after his personalty, for his debts, and that the common law prevails in Rhode Island and Minnesota, except so far as modified by the statutes and decisions above mentioned.

Upon these facts and evidence, *Barker*, J., found for the defendant; and reported the case for the determination of this court.

*J. C. Gray*, for the plaintiff.

*J. C. Ropes*, for the defendant.

HOLMES, J. This is an action brought by a widow to recover one third of the proceeds of land in Minnesota formerly belonging to her husband, and sold without prejudice. The defence is, that she is barred by having accepted the provisions of her husband's will. The husband made a will while domiciled in Rhode Island, providing for the plaintiff, but not declaring the provision to be in lieu of dower, and then changed his domicil to Massachusetts, where he died. If he had died domiciled in Rhode Island, and the land had been situated there, the provisions of the will would not have prevented the plaintiff from recovering dower; and it has been decided, in a case between the same parties, that the change of domicil did not affect her right in Rhode Island land. *Atkinson* v. *Staigg*, 13 R. I. 725. If he had been domiciled and had made his will in Minnesota, the plaintiff would have been entitled by statute to the one third which she claims; and, as there is no statute to the contrary, the provisions of the will would not have put her to an election. Gen. Laws of Minn. 1875, *c.* 40. *In re Gotzian*, 34 Minn. 159, 163, 164. *Reed* v. *Dickerman*, 12 Pick. 146, 149. *Ellis* v. *Lewis*, 3 Hare, 310. If, finally, the land had been situated in Massachusetts, and the will executed here, the plaintiff would have been compelled to elect between her dower and the will. Pub. Sts. *c.* 127, § 20. St. 1861, *c.* 164, § 1. So far, there is no dispute between the parties.

On the foregoing statement, it is obvious that the defendant cannot prevail, unless the rule which would govern if the land lay here also governs the present case. It is contended that that rule does govern, on the ground that the Massachusetts statute is a statute of construction, reading a clause of universal application into the will, to the effect that the provision made for the widow is in lieu of dower or substituted statutory interests in all lands, wherever situated; that the will is to be construed by the law of the domicil of the testator at the time of his death; and that, if the will so construed makes an acceptance

of its provisions a waiver of dower, &c., the law of Minnesota would enforce the election made by such acceptance. *Washburn* v. *Van Steenwyk*, 32 Minn. 336.

But we cannot admit that a rule of construction, properly so called, not known to the law of the party's domicil when he made his will, is necessarily to be imported into it by reason of his dying domiciled elsewhere. For purposes of construction, it is always legitimate to consider the time when, and the circumstances in which, the will was made, and we think the law under which it was made is one of those circumstances. We are speaking only with reference to a case like the one before us, not to a question like that in *Harrison* v. *Nixon*, 9 Pet. 483, 504. The testator was at liberty to make his gift to his wife in lieu of or in addition to dower, as he saw fit. Which it should be, he had to consider, if he ever considered it, when he drew his will. He drew his will under a system by which the gift was in addition to dower unless he expressed the contrary, and he did not express the contrary. We are at a loss to see why his words should be held to acquire a new meaning upon his moving into a State where testamentary gifts are in lieu of dower unless shown to be in addition to it. *Atkinson* v. *Staigg, ubi supra. Holmes* v. *Holmes*, 1 Russ. & Myl. 660.

In view of our construction of the Massachusetts statute, it is not necessary to consider what was the effect of moving into Massachusetts with regard to Massachusetts land. The plaintiff has never made any claim upon it. See *Shannon* v. *White*, 109 Mass. 146. Neither need we pass upon the plaintiff's argument, that the general law of Minnesota should be accepted here as determining the construction of the will, so far as concerns the effect of accepting its provisions upon the plaintiff's right to Minnesota land. It would follow from that argument that the plaintiff would have been barred of her dower in the Massachusetts land, even if the testator had not moved from Rhode Island.

The case of *Jennings* v. *Jennings*, 21 Ohio St. 56, relied on by both sides, was the case of a West Virginia will, giving the wife certain interests in land in Ohio, and it was intimated that, with regard to Ohio lands, she was put to her election between the will and her dower, although West Virginia preserved the

common law rule allowing her to claim dower in addition to what was given by the will. We understand this case to go on the ground that the law of the place of the land given to the widow by the will was to determine whether she was put to an election or not, at least with regard to land in the same jurisdiction, claimed outside the will. Thus construed, the case helps neither party. The case of *Washburn* v. *Van Steenwyk*, 32 Minn. 336, which was put in evidence, is opposed to the plaintiff's contention. See *Van Steenwyck* v. *Washburn*, 59 Wis. 483, 510.

But we need not pursue this branch of the case further, because, in our opinion, the Massachusetts statute does not purport to affect lands outside the State, either by way of construction or otherwise.

The language of the Pub. Sts. c. 127, § 20, is as follows: "A widow shall not be entitled to her dower in addition to the provisions of her deceased husband's will, unless such plainly appears by the will to have been the intention of the testator." In the St. of 1861, c. 164, § 1, the language is: "If she makes no such waiver she shall not be endowed of his lands, unless it plainly appears by the will to have been the intention of the testator that she should have such provisions in addition to her dower." Both of these acts, in form, are directed at dower, not at the construction of wills. The statutes give the widow dower; Pub. Sts. c. 124, § 3; Rev. Sts. c. 60, § 1; and allow her six months in which to waive the provisions made for her by will. Pub. Sts. c. 127, § 18. St. 1861, c. 164, § 1. Rev. Sts. c. 60, § 11. They then go on to say that she cannot have her dower unless she waives the will, but add that the husband may make his bounty an addition to her dower if he sees fit.

No doubt the statute was intended to change the common law rule. But the fact that it approaches the subject from the side of dower, and not from the side of the will, shows that it was only intended to operate with regard to Massachusetts lands, whether described as a statute of construction or as a statute relating to dower. Of course, Massachusetts would not attempt to legislate concerning dower in another State. Taking the view which we have expressed, we have not considered whether the statutory one third in fee given by the law of Minnesota would be included under the word "dower" in our statute.

It was suggested, for the defendant, that the widow could not claim under the will in one jurisdiction and against it in another. But, on our construction of the will and the Massachusetts statute, she does not claim against the will by claiming her third of the Minnesota land outside of it.

We are of opinion that the plaintiff's interest is bound to contribute to the payment of debts secured by mortgage upon the Massachusetts lands. By the old law, until changed in England by the St. of 17 & 18 Vict. *c.* 113, if other land was charged with the payment of debts, it had to exonerate land which the testator had mortgaged. And this rule was not based upon the fact that the devise of the mortgaged land was specific, as it would have been even if residuary, or upon any notion of the intention to be drawn from the will; undoubtedly, land not passing by the will, but acquired and mortgaged after the will was drawn, would have been exonerated. The rule was put upon the ground that the debt was a general debt, like any other, and the mortgaged land only a security, and therefore that the funds liable for general debts must pay it. *Bartholomew* v. *May,* 1 Atk. 487. *Tweedale* v. *Coventry,* 1 Bro. C. C. 240. *Serle* v. *St. Eloy,* 2 P. Wms. 386. See *Hewes* v. *Dehon,* 3 Gray, 205, 207; *Plimpton* v. *Fuller,* 11 Allen, 139. It followed that, when other land and the mortgaged land were both charged together, they were held to contribute ratably. *Carter* v. *Barnadiston,* 1 P. Wms. 505. *Middleton* v. *Middleton,* 15 Beav. 450. *Harper* v. *Munday,* 7 DeG. M. & G. 369. And the same principle would apply when all the lands are charged by statute instead of by will.

By the Minnesota statute, the plaintiff's interest is "subject in its just proportion with the other real estate for such debts of the deceased as are not paid from the personal estate," so that, apart from the will, the plaintiff's one third would stand no better than the other two thirds. Taking into account this and the general course of legislation which makes land liable for debts, we think that it would be too artificial to interpret the testator's general direction to pay debts as indicating an intent to charge the interests passing by the will in exoneration of the plaintiff's one third, even as against residuary devisees, *Hewes* v. *Dehon, ubi supra,* (see *Harris* v. *Watkins,*

Kay, 438,) although we assume that the residuary devise was not specific, so far as it affected the Minnesota land, as it was not with regard to the land in Massachusetts. *Blaney* v. *Blaney*, 1 Cush. 107. *Thayer* v. *Wellington*, 9 Allen, 283, 296. The plaintiff prevails upon a somewhat technical principle, and hardly can complain if she is held to stand upon the footing on which the Minnesota statute meant to put her.

*Judgment for the plaintiff for $2205.69.*