quires any information, vouchers or other evidence now in the hands of the appellee, she will, of course, be entitled to them for such purpose, and if refused her on call, she has abundant remedy by subpœna, or bill of discovery, if necessary, but there is nothing in the petition to entitle her to the relief now sought.

Decree affirmed.

---

## Corr's Estate.

| 202 | 391 |
|-----|-----|
| j220 | 461 |

*Will—Residuary clause—Intestacy.*

Testator after giving large legacies to his brothers and sisters who were his next of kin, and also legacies amounting in the aggregate to a large sum to various Roman Catholic charities, directed as follows: " If any of the legacies I have given should lapse for any reason and become part of my residuary estate, then I order and direct that my said residuary estate shall be divided into three equal shares and paid to the Archbishop of Philadelphia, Rev. Father Dougherty and Rev. Father Fitzmaurice aforesaid." None of the legacies lapsed. *Held,* that the residuary estate went to the next of kin.

Argued Jan. 20, 1902.    Appeal, No. 353, Jan. T., 1901, by Margaret Doris, from decree of O. C. Phila. Co., April T., 1901, dismissing exceptions to adjudication, in estate of Michael Corr, deceased.    Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ.    Reversed.

Exception to adjudication.

The auditing judge, Ashman, J., stated the facts as follows:

" After directing the payment by his executors of collateral inheritance tax, the testator devised certain real estate and then bequeathed a number of pecuniary legacies: To Bernard Corr, $25,000; Matthew Corr, $25,000, etc. . . . He provided, further, as follows : ' If any of the legacies I have given should lapse for any reason and become part of my residuary estate, then I order and direct that my said residuary estate, shall be divided into three equal shares and paid to the Archbishop of Philadelphia, Rev. Father Dougherty and Rev. Father Fitzmaurice aforesaid.'

392 CORR'S ESTATE.

Statement of Facts—Dissenting Opinion of Court below.    [202 Pa.

"By codicil he gave to St. Mary's Hospital, St. Joseph's Hospital, and St. Agnes' Hospital each, $5,000 for endowment in each of a free bed. The codicil was dated May 23, 1899. The testator died August 14, 1900. His heirs at law are brothers and sisters, Bernard, Matthew, and Patrick Corr, Catherine Mallon, and Margaret Doris, and nieces, Sarah J. Conran, Margaret T. Logue, and Mary A. Corr (children of his deceased sister, Sarah Corr). . . .

"It was contended that the gift of the residuary estate was upon a condition which has failed, and that hence as to such residue the testator died intestate. This proposition was based upon the wording with which he prefaced the gift. 'If any of the legacies I have given should lapse for any reason and become part of my residuary estate, then I order and direct that my said residuary estate shall be divided,' etc. Ignoring the rule of law which seeks, whenever practicable, to avoid an intestacy, the author of the proposition displayed the utmost ingenuity in the endeavor to ferret out an intestacy, against which the testator appears to have carefully guarded.

"Ordinarily, a testator who dies intestate as to his residuary estate makes no mention of such residue in his will; here, however, the testator not only referred to it, but actually divided it, and, as if to banish all possible doubt, provided liberally for each of the persons who would have been entitled, if an intestacy had occurred. These, therefore, cannot seriously allege that the testator intended an intestacy in order to benefit them. The question is hardly open to sober argument. The testator very naturally directed that any lapsed legacy should become part of his residuary estate, and then, or next, he directed that his residuary estate should be distributed. The word 'then' has been put to a variety of uses, but has never, it is believed, when used to denote merely a numerical arrangement (as of paragraphs), been made to figure as marking a condition precedent. The residue is awarded in equal parts to Archbishop Ryan, Rev. Fathers Dougherty and Fitzmaurice."

Exceptions to the adjudication were dismissed by the court PENROSE, J., filing a dissenting opinion as follows:

That when a will is executed the testator is presumed to intend to dispose of his entire estate, is a proposition which no

one can gainsay; but implications of intentions are overcome by what is expressed, and presumptions do not stand in the face of proof. The will of this testator bears evidence of having been drafted by a lawyer learned in the law and skilled in the proper use of language. The residuary clause, so called, is of a most unusual character. It does not say, what, indeed, would be wholly unnecessary to say, that all legacies which lapse shall fall into and become part of the residuary estate, but as preliminary to what follows, "if" any should become part of the residuary estate, "then," that is, in that event, the residue thus created shall go to the eminent officials of the Catholic church who are there named. That in expression, at least, the gift is contingent, only taking effect if the event spoken of should happen, cannot be questioned; and that the testator intended precisely what his words indicate is demonstrated by the first codicil.

This codicil, executed a few days after the execution of the will, provides that if by reason of the death of the testator within the statutory period his numerous gifts to charities (all charities of the Catholic church) should fail, the amount so given should go to his executors—obviously in order that his purpose might be carried out notwithstanding the statute (Schultz's Appeal, 30 P. F. Smith, 396; Hodnett's Estate, 154 Pa. 485); but if the will already contained a general residuary gift, charities falling under the statute would fall into it; and in whom would it be possible to confide with more absolute certainty that the designated beneficiaries would receive what was intended for them than the Archbishop and the two Reverend Fathers, already named in the will? It is inconceivable, therefore, that the provision in which they were thus named was intended as a general residuary gift, or that it was to operate except as expressed, viz., in the event there mentioned: "if" pecuniary legacies should lapse by the deaths of the legatees, and to the extent of the residue so arising.

We have no right to alter or pervert the expressed words of a testator in order to effect an assumed intention; interpretation is not to usurp the place of reformation and the rights of heirs or those entitled under the intestate laws are only taken away by a will whose meaning is clear. It is a maxim that such persons can only be disinherited by express words or necessary

394                    CORR'S ESTATE.

Dissenting Opinion of Court below—Opinion of the Court.    [202 Pa.

implication, and that doubts are to be resolved in their favor: Brendlinger v. Brendlinger, 2 Casey, 131; Hancock's Appeal, 2 Amerm., 532; Bender v. Dietrick, 7 W. & S., 284; Rupp v. Eberly, 29 P. F. Smith, 144; Bruckman's Est., 195 Pa. 363; Nebinger's Estate, 185 Pa. 399; Reilly's Estate, 200 Pa. 288, etc.

In my opinion the exceptions should be sustained.

*Errors assigned* were in dismissing exceptions to adjudication.

*John G. Johnson* and *D. Webster Dougherty*, for appellant.— No matter how absurd a provision or condition, in a will may be, it is the duty of the court to give it effect, if it be lawful: Horwitz v. Norris, 60 Pa. 261; McDonald v. Cambell, 10 Watts, 184.

The heir at law can never be disinherited except by express words, or necessary implication: Nebinger's Estate, 185 Pa. 399; Bruckman's Estate, 195 Pa. 367.

*Anthony A. Hirst* and *Thomas R. Elcock*, with them *J. Ashton Devereux* and *James Fitzpatrick*, for appellee.—When a man makes a will he does not intend to die intestate as to any portion of his estate, and wills must be construed so as to avoid intestacy, unless the contrary is unavoidable: App. of the Boards of Missions, 91 Pa. 513; Patterson v. Swallow, 44 Pa. 487; Thouron's Estate, 11 W. N. C. 287; Wadley v. North, 3 Vesey, 366; Maberly v. Strode, 3 Vesey, 450; Bayard v. Atkins, 10 Pa. 15.

PER CURIAM, May 5, 1902:

This decree is reversed for reasons given in the dissenting opinion of Judge PENROSE, and distribution directed to be made in accordance with the views there expressed.