JOHN E. LEWIS *et al.*

*v.*

FRANK HARROWER *et al.*

*Opinion filed June 19, 1902.*

1. WILLS—*when body of estate must be held to be intestate property.*
If a life interest is created and there is nothing in the will to show
an intention on the part of the testator to dispose of the body of
the estate, the latter will be intestate property.

2. SAME—*devise construed as creating an active trust as to life estate.*
A devise to a trustee to hold the property for the testator's two
brothers and to pay the net income therefrom as soon as the net
balance can be ascertained, three-eighths to one and five-eighths
to the other, creates an active trust authorizing the trustee to
hold the estate during the lives of the two brothers, respectively,
the remainder being intestate property.

APPEAL from the Superior Court of Cook county; the
Hon. PHILIP STEIN, Judge, presiding.

BARNES, BARNES & WULFF, for appellants.

JAMES FRAKE, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This is a bill in equity brought in the superior court
of Cook county by the appellants for the purpose of
obtaining a construction of the will of Ida M. Lewis,
deceased, and of the powers of the trustee mentioned
therein, which will bears date October 11, 1899, was
admitted to probate November 14, 1899, and in part is
as follows:

"I direct that all the remainder of my property, of
whatsoever character, shall be held in trust by my cousin,
Frank Harrower, who is at this date in the employ of
James Frake, my attorney. Further, I hereby appoint
and make my above said cousin, Frank Harrower, trus-
tee, to hold and administer my estate for my two broth-
ers, John E. Lewis and Charles A. Lewis. Further, I
direct that the above said trustee, Frank Harrower, shall

pay all of the net income that shall accrue from time to time from-interest, rents or sales, as often as every three (3) months, or as soon as the net balance can be correctly ascertained, in the following proportions, to-wit: to my brother John E. Lewis five-eighths (⅝), and to my brother Charles A. Lewis three-eighths (⅜)."

On October 12, 1899, Ida M. Lewis died, leaving her surviving the complainants, her brothers, and Harry E. Grant, a nephew, (a son of a deceased sister,) as her sole and only heirs-at-law. Charles J. Lewis was appointed administrator *cum testamento annexo* of her estate, which consisted of about $3000 in personalty and some real estate situated in Chicago. John E. Lewis, one of the complainants, is an invalid, and Charles A. Lewis, the other complainant, is a spendthrift.

It was contended in the court below, and such contention is renewed here, that John E. and Charles A. Lewis took the entire estate absolutely, subject only to the payment of a legacy of $300 to John H. Roseboom, the debts and the costs of administration, while the appellees contend that John E. and Charles A. Lewis took only a life estate therein, and that the remainder is intestate estate, and passes by the laws of descent to the heirs of the testatrix. The superior court, upon a hearing upon bill, answer, replication and evidence taken in open court, entered a decree ordering the administrator, upon the settlement of the estate, to turn over the personal property remaining in his hands to Frank Harrower, the trustee named in the will, and authorized said trustee to take immediate possession of the real estate of the testatrix, with full power to sell, convey and rent the same and invest the proceeds, and to pay over the net income thereof to the complainants, five-eighths thereof to John E. and three-eighths thereof to Charles A. Lewis, and upon the death of John E. Lewis that the trustee pay five-eighths of the estate to the heirs of Ida M. Lewis, deceased, and upon the death of Charles A. Lewis that

the trustee pay three-eighths of the estate to the heirs of Ida M. Lewis, deceased.

From a reading of the will we think it clear that an active trust was created in Frank Harrower, and that he is authorized to hold said estate for the benefit of John E. and Charles A. Lewis during their lives, respectively; that John E. Lewis took a life estate in five-eighths and Charles A. Lewis in three-eighths of said estate, and that the remainder therein is intestate property, which, not having been devised except for the purposes of the trust, descended to the testatrix's heirs-at-law and is intestate estate, subject to the trust created by the will. (*Summers* v. *Higley*, 191 Ill. 193.) While it is true, where a person dies testate it will be presumed that he intended to dispose of his entire estate, and the instrument will be so construed unless such presumption is clearly rebutted by its provisions or there is evidence to the contrary, (*Hayward* v. *Loper*, 147 Ill. 41,) and while courts are reluctant to hold that any part of the property of a testator shall be regarded as intestate property, still, in a case like this, where a life interest is created and there is nothing in the will to show an intention on the part of the testator to dispose of the body of the estate, courts can not do otherwise than to hold the body of the estate to be intestate property. *Minkler* v. *Simons*, 172 Ill. 323.

We are of the opinion the superior court correctly held that John E. Lewis and Charles A. Lewis only took a life interest in said estate and that they were not entitled to the possession of the body of the estate, but that under the provisions of the will the same should remain in the possession of the trustee during the life of said John E. and Charles A. Lewis, and upon the death of John E. five-eighths of said estate should be distributed as intestate property, and upon the death of Charles A. three-eighths should be distributed as intestate property, among the heirs-at-law of Ida M. Lewis, deceased.

The decree of the superior court will be affirmed.

*Decree affirmed.*