[No. 17574.   Department Two.   March 14, 1923.]

## In the Matter of the Estate of WILLIAM CHAPPELL, Deceased.

### EDMOND CHAPPELL, *Appellant,* v. MARGARET F. CHAPPELL *et al., Respondents.*[1]

WILLS (58, 59)—CONSTRUCTION—WHAT LAW GOVERNS—INTENT OF TESTATOR—TRUST ESTATES.  Notwithstanding the general rule that the law of the domicile governs a will of personal property, the laws of this state will be applied to uphold a charitable devise, valid in this state but invalid in California, the actual domicile of the testator, where he took to, or kept all his property in, this state that it might be administered here, and made his will in, and described himself as being of, this state; in view of Rem. Comp. Stat., § 1415, and of the solicitude of the courts to give effect to the testator's intent as to charitable bequests.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered June 1, 1922, upon sustaining a demurrer to the petition, dismissing an action to set aside certain provisions of a will.  Affirmed.

*Bausman, Oldham, Bullitt & Eggerman, Gavin McNab,* and *Walter L. Nossaman,* for appellant.

*Arthur E. Griffin, Arthur R. Griffin,* and *John B. Hart,* for respondents.

TOLMAN, J.—Appellant, by a petition filed in this cause, then pending in the probate department of the superior court for King county, sought to have set aside certain provisions of the will of William Chappell, deceased, upon the ground that Chappell, at the time of the making of the will, and at the time of his death, was domiciled in and a resident of the state of California; that the property involved, though situated in this state, is personal property and must be admin-

[1] Reported in 213 Pac. 684.

istered according to the law of the domicile of the decedent; that, under the laws of California, which are pleaded, the trust provisions of the will are void, and therefore the decedent died intestate as to such property. The petitioner, being a son and the only descendent of the deceased, seeks to have the property belonging to the estate within the jurisdiction of the court released from the trust and distributed according to the laws of descent, one-half to himself and one-half to the widow.

A demurrer to the petition was sustained, and petitioner electing to stand upon his petition, a judgment of dismissal followed, from which he has appealed.

The will, which is by reference made a part of the petition, and all of which we have fully considered, has a provision as follows:

"Fifth: The trust hereby created shall continue and my said trustees herein named and their successors hereafter to be selected shall hold, manage, and control my property and the rents, issues, profits and renewals thereof as herein provided for a period of sixty years from and after the time of my death, Provided, however, that if all of my brothers and sisters herein named and all of my nephews and nieces, children of my said brothers and sisters, who shall be living at the date of my death, shall die before forty years from the date of my death, then said trust period shall cease and my estate shall be settled and distributed as herein provided twenty years after the date of the death of the last surviving brother or sister, nephew or niece, who shall be living at the time of my death. At the expiration of said trust period, hereby designated, after the day of my death, the estate then remaining in the hands of my trustees shall be then divided, distributed and conveyed as follows: To my wife, Margaret E. Chappell, if living, and to her legal heirs in the event of her death, an undivided one-third of any and all of my property and estate, both personal and real where-

ever the same is situated. The remaining two-thirds of my estate, both personal and real wherever situated shall be divided equally, share and share alike, among my said mother, Angeline E. Chappell, and my sisters, Annie Chappell Monroe, Dora Chappell Robinson, Vietta Chappell Robinson, and Lillie Chappell Wetherill, and my brothers, James B. Chappell, Charles Chappell, and Marion J. Chappell. And in the event of the death of my said mother, or either or any of my sisters or brothers, then the portion which would have been distributed to such mother, sister or brother had he or she lived, shall be distributed to the legitimate legal descendants of such deceased person or persons if any there be, each taking by representation, and if there shall be no legitimate legal descendant of any one or more of the said sisters or brothers living, the amount which would have been distributed to such sister or brother shall be divided equally among my remaining sisters and brothers and their legitimate living descendants taking by representation. Provided that my two nephews, one the son of my sister Vietta by her first husband, and one the son of my brother Marion J. Chappell by his first wife, shall receive One Dollar ($1.00) each and no more, in the payments and distribution of my estate.''

It appears to be conceded that, under the common law rule prevalent in this state, the continuance of the trust throughout a period covered by lives in being and twenty years thereafter is not unlawful; but it is contended that the California law must be applied because of the allegation that the decedent was there domiciled, and that the California law on the subject of restraints on alienation is such as to make the quoted conditions of the will absolutely void. Assuming the California law to be as stated, and passing the question of whether the allegations of the petition to the effect that the decedent was domiciled in California are sufficient on demurrer to overcome the recital in the will, ''I, William Chappell, of King county, Washing-

ton," we approach what seems to us to be the main and important question in the case, without circumlocution.

The general rule undoubtedly is that, as applied to personal property, the law of the domicile governs. Various reasons have been given for this rule, but none seems to us more satisfactory than that the testator is presumed to be familiar with the laws of his domicile; to have prepared his will in the light of those laws, and to apply any other law would be at great risk of defeating his intent, unless it is manifest that the testator had the laws of some other place or country in view. As said by Mr. Justice Story in *Harrison v. Nixon,* 34 U. S. (9 Pet.) 483:

"The language of wills is not of universal interpretation, having the same precise import in all countries and under all circumstances. They are supposed to speak the sense of the testator, according to the received laws or usages of the country where he is domiciled, by a sort of tacit reference, unless there is something in the language which repels or controls such a conclusion. In regard to personalty, in an especial manner, the law of the place of the testator's domicile governs in the distribution thereof, and will govern in the interpretation of will thereof, unless it is manifest that the testator had the laws of some other country in his own view.

"No one can doubt, if a testator born and domiciled in England during his whole life, should, by his will, give his personal estate to his heir-at-law, that the *descriptio personae* would have reference to, and be governed by, the import of the terms in the sense of the laws of England. The import of them might be very different, if the testator were born and domiciled in France, in Louisiana, in Pennsylvania or in Massachusetts. In short, a will of personalty speaks according to the laws of the testator's domicile, where there are no other circumstances to control their application; and to raise the question, what the testator means, we must first ascertain, what was his domicile, and

whether he had reference to the laws of that place, or to the laws of any foreign country.''

We perceive no logical reason why this rule should not apply to distributions as well as to interpretation, and for the very same reasons, since the ultimate purpose in either case is to cause the estate to be distributed as the testator intended. Indeed, when the bequest sought to be maintained is one for a charitable purpose, the rule for which we now speak has been generally applied. *Robb v. Washington & Jefferson College,* 185 N. Y. 485, 78 N. E. 359; *Hope v. Brewer,* 136 N. Y. 126, 32 N. E. 558, 18 L. R. A. 458, and authorities there cited.

While the courts are very keen sighted to discover the intent to make a charitable bequest, and very solicitous to give effect to such intent, still we know of no reason why the courts should not be equally solicitous to give effect to any other lawful intent on the part of the testator which can be clearly gathered from the will itself. Our Probate Code, ch. 156, Laws of 1917, p. 653, § 45 (Rem. Comp. Stat., § 1415), provides:

''All courts and others concerned in the execution of last wills shall have due regard to the direction of the will, and the true intent and meaning of the testator, in all matters brought before them.''

Many of our cases announce the same doctrine. *Newport v. Newport,* 5 Wash. 114, 31 Pac. 428; *McCullough v. Lauman,* 38 Wash. 227, 80 Pac. 441; *Martin v. Moore,* 49 Wash. 288, 94 Pac. 1087; *In re Lotzgesell's Estate,* 62 Wash. 352, 113 Pac. 1105; and *In re Peters' Estate,* 101 Wash. 572, 172 Pac. 870. Thus, it will be seen that it is the settled law of this state that the true intent and meaning of the testator shall be carried into effect, if that be possible and lawful, and in this case it seems clear that to achieve that purpose the laws of Washington must be applied, while to apply the law of

California is to defeat it utterly. What was the intent of the testator in this respect as manifested by his will? The answer to this question is not in doubt. Among other clear manifestations of the testator's intent that his property should be dealt with and distributed, not under the laws of California, but under the laws of Washington, the following may be mentioned: (1) So far as the petition discloses, or the record shows, all of his property was located in the state of Washington at the time of his death, and he either brought it here that it might be administered according to our laws, or acquired it here and kept it here subject to our laws; (2) as already indicated, the will was made here, and the testator described himself as being of Seattle, King county, Washington, thereby raising the presumption that the will was drawn with our laws in view. If he was then actually domiciled in California, the assumption must be even stronger, as in that event, knowing the laws of California, he left the jurisdiction of that state, described himself as a resident of this state, and here made his will, thus strongly indicating his intention as to which law should govern; (3) the trustees named, or a majority of them, reside in this state; he directs their manner of handling property located in Seattle, and requires them to hold it in trust for a period which would be unlawful in California, as he is presumed to have known if he was there domiciled; and (4) the will further provides that any two of the trustees, during the sickness or absence from the state of Washington of the other trustee, may exercise all necessary powers. Counsel have pointed out many other things which they argue show a like intent, but this will suffice.

With these clear manifestations to guide us, we cannot hold other than that the testator fully intended

his estate should be administered and his expressed directions carried out according to the laws of Washington. As we have already said, the law is well settled, in the matter of charitable bequests, that the intent of the testator will govern. In many of the cases cited by appellant, which lay down the general rule to be applied where the bequests are non-charitable in character, the question of the intent of the testator is not discussed or considered. Text writers lay down the rule that the intention will govern, without qualifying the statement. Thompson on Wills, § 45; 22 Am. & Eng. Ency. Law (2d ed.), 1369; and if there be cases which hold to the contrary rule, we decline to follow them, preferring to align ourselves with the supreme court of Texas, which, in *Lanius v. Fletcher*, 100 Tex. 550, 101 S. W. 1076, after stating the rule and the exception, said:

"The rule is so generally accepted that it is unnecessary to cite additional authorities in support of it. The exception is as well established as the rule, yet we have found no case in which it has been applied, except where the bequest was for a charity in another state or county. The object of construing all written instruments is to ascertain the intent of the maker. Granting that we should presume that the intent of the testatrix was that the law of her domicile should furnish the rule of construction and execution of her will, unless we find that her intention was that the law of Texas should control, we must examine the facts to ascertain if she intended that the law of Texas should control, instead of the law of Illinois. Whatever may have been her intention, when discovered, it must govern the court in determining the issue presented."

Without reference to the ethics or wisdom of the provisions of the will, the testator's intention is plain and must govern. The will, therefore, must be construed according to the law of Washington, which does not forbid its trust provisions.

A number of other interesting points are raised and discussed *in extenso,* but the conclusion which we have already reached makes it unnecessary to consider them.

The judgment is affirmed.

MAIN, C. J., FULLERTON, PARKER, and PEMBERTON, JJ., concur.