No. 11,129.

BLATT, ET AL. *v.* BLATT.

Decided February 15, 1926.

Proceeding involving the construction of a will.  Judgment awarding all of the property of the decedent to the widow.

## *Affirmed.*

1. WILLS—*Remainder—Distribution.*   Provisions of a will reviewed, and held to dispose of a life estate in the property only, being silent with respect to the remainder, which, not being devised or bequeathed, is to be distributed in the same manner as the estate of an intestate.

2.   *Construction.*   The intention of the testator is the paramount rule in the construction of wills, but the intention is to be derived from some expression of the will itself, and not from silence.  A devise by implication is not inferred by silence.

3.   DESCENT AND DISTRIBUTION—*State Statutes—Which Control.*   Where a will was executed in Pennsylvania in 1907, the testator moving to Colorado in 1908, where he resided continuously until his death in 1922, all of his property being situate in the latter state, it is held that the distribution of a remainder, undisposed of by the will, is to be determined by the laws of Colorado, and not by the laws of Pennsylvania.

4.   *Statutes—Presumption.*   A testator is presumed to know the laws of the state in which he lives, concerning the descent and distribution of intestate property, as well as the laws of the state in which he is domiciled at the time of the execution of his will.

5.   WILLS—*Construction—Statutes.*   While the law of a testator's domicile at the time a will is executed is a circumstance to guide the courts of another state in the construction of the will and in ascertaining the intent of the testator, it is but one circumstance, and not controlling or conclusive, and a construction required by such laws will not be enforced in Colorado if opposed to the public policy of that state as declared by the legislature.

6. · DESCENT AND DISTRIBUTION—*Laws Governing.*   The law of an intestate's actual domicile at the time of his death governs the descent

and distribution of his property, when it is all situate in that state, in the courts of which the principal administration is pending.

7.   WILLS—*Rights of Surviving Widow—Waiver.* A widow by tendering the will of her deceased husband for probate does not vouch for its validity, nor waive her right to take under the statute, nor her right to claim all the property of the estate undisposed of by the will, as the sole heir.

8.   *Construction—Presumption.* While the law favors a construction that the testator intended to dispose of all of his property, this is a presumption which may be overcome by the will itself.

9.   *Construction.* Where a will gave a life estate to the widow without disposing of the remainder, the widow elected to take one-half of the property under the statute relating to wills and thereby renounced her right to the life estate. There being no disposition of the remaining half of the property by the will, it became hers under the statute of descent and distribution, as the sole heir, there being no children.

10.   *Estoppel.* A widow by presenting the will of her deceased husband for probate, is not estopped to exercise her right to take under the intestate or wills statutes.

11.   *Remainder—Acceleration.* Where a will left a life estate in property to the widow without disposing of the remainder, the remainder not vesting at any time, the doctrine of acceleration held not applicable.

*Error to the District Court of the City and County of Denver, Hon. Francis E. Bouck, Judge.*

Mr. W. L. JANUARY, Mr. ROBERT EMMET LEE, for plaintiffs in error.

Mr. FRANK McDONOUGH, SR., Mr. FRANK McDONOUGH, JR., Mr. GILBERT L. McDONOUGH, for defendant in error.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

IN June 1907, Charles H. Blatt, at that time domiciled in Pennsylvania, made his will at Ellwood City in that state. In 1908, he removed to Colorado and lived therein continuously until his death at Denver, March 18, 1922. A Denver bank, custodian of the will, deposited it with the clerk of the county court of the City and County of Denver a few days after Blatt's death. March 24, 1922, Lydia M. Blatt, the widow, as proponent, filed a petition in the county court setting forth that this was her husband's will and that the Ellwood City Trust Company named as executor therein had ceased to exist as a corporation, and she asked that the will be admitted to probate and letters of administration with the will annexed granted to her. Letters as prayed for were issued to the widow May 15, 1922, and on the same day she filed a petition in the county court for an interpretation and construction of the will and asked the court to determine who are the heirs at law of the testator; expressly reserving her right of election under the Colorado statute, and also filed that election to take one-half of the decedent's property under the statute, being, in substance, the same election which had theretofore been filed by her. To this petition two brothers, a sister and a nephew of the testator filed their cross-petition in which they asked that distribution of the estate be made under the laws of Pennsylvania, where, had the will been probated in that state, they would be next of kin and as such entitled to one-half of the remainder of the estate, if the same was not disposed of by the will. They asked that distribution be not made under the laws of Colorado, which, if the same was not devised, would vest the remainder fee in the widow. This cross-petition was replied to and upon the hearing by the county court, in which testimony was taken that the testator had been a resident of Colorado continuously from the year 1908 until his death, and that all of the property of the estate, both real and personal, was situate in this

state, the findings were in favor of the widow and against the next of kin and the entire property was awarded to her. Upon an appeal to the district court the judgment of the county court was affirmed. The next of kin are here asking a review of the judgment of the district court.

The will reads: ''Item 1. I give, devise and bequeath to my wife, Lydia Blatt, all my property, real, personal and mixed, and wherever situate, so long as she shall live, and I hereby authorize my said wife and my executor hereinafter named, or in case it shall for any reason cease to act as my executor, then whoever shall lawfully represent me, whenever in the judgment of my said wife and executor, they shall deem it advisable; to sell said real estate or any part thereof, and I also authorize them to make and deliver all necessary and needful deeds and conveyances for the purpose of conveying the said property, as fully and to the same effect that I might or could do if then living. I also authorize my said wife, whenever it may become necessary for her maintenance or support, or whenever, in her judgment, it shall be advisable; to sell any part or all of my personal property, and to make the necessary and needful transfers and conveyances for the same.''

No other disposition of the property of the estate than that contained in the foregoing item was made. There certainly was no express gift of the remainder. The will is entirely silent as to the testator's intention with respect thereto.

1. We think counsel for next of kin are right in saying that the principal question for decision is, by the laws of which state is this controversy to be determined? We must, however, first ascertain if the will has disposed of the remainder, or fee, of the property in which the widow was given a life estate. If, as next of kin contend, the remainder was in fact devised to them by the will, that settles this controversy in their favor

whether the laws of Colorado or Pennsylvania control, subject, of course, to the widow's statutory rights. If the remainder is undisposed of, we must also determine, if there be a conflict in the laws of the two states, which are to be our guide in construction. It is conceded by the parties that, if this will had been proved in Pennsylvania, since the testator left surviving him neither a child nor children nor descendants of a child or children, a one-half interest in this remainder, if not disposed of in the will, would, under the intestate laws of that state, pass to the next of kin and the other one-half to the widow. By our section 5271, C. L. 1921: "All such estate, both real and personal, as is not devised or bequeathed in the last will of any person, shall descend and be distributed in the same manner as the estate of an intestate, and such intestate estate shall be administered by the executor or administrator, who shall be appointed to administer the testate estate." It is thus apparent that there is a conflict in the laws of the two states.

It seems to us altogether clear that this will disposed only of a life estate in all the property by giving it to the widow. The remainder, the fee, one-half of which the next of kin here claim, is not devised or bequeathed to any person, the will being silent with respect thereto. Not being devised or bequeathed in the will, it descends and must be distributed in the same manner as the estate of an intestate. The intestate law of Colorado, section 5151, C. L. 1921, provides that intestate property, both real and personal, shall descend and be distributed to the testator's surviving widow as her absolute estate, subject only to the payment of debts, where the testator leaves no child or children or descendants of a child or children surviving him. Both in their opening and closing briefs counsel for next of kin ingeniously argue that there is no inconsistency in asserting, as they do, that if this will be construed in the light of the Pennsylvania

statutes, this residue or remainder, as matter of fact, is devised and bequeathed by this will, yet the very statutes of Pennsylvania which they say govern, apply only to such property of the testator as is not disposed of by the will. And counsel themselves elsewhere in their argument say that this remainder, not being devised by the will, passes under the intestate laws of Pennsylvania to the next of kin. Nevertheless, counsel here ask this court to enforce what the testator clearly intended, as they say, when, in effect, he said that he left a life estate to his widow and the residue to his next of kin. The same thought they thus express in their reply brief: ''Can this property, which defendant in error claims under the Colorado statute, be regarded as intestate property, or, is it not under the will, in view of the circumstances under which the will was drawn, to be considered as devised and bequeathed to those who, under the Pennsylvania statutes would take, if the property had all been situate in Pennsylvania, and if the testator had, in fact, died intestate as to the same?'' Possibly anticipating that the decision of this court might be against them and that we might hold that the remainder was not devised, learned counsel in their second breath assert that the remainder was not disposed of by will and is to be treated as the estate of an intestate. We are constrained to say that the inconsistency in these arguments is not, as counsel contend, merely superficial. It is substantial. The remainder could not be treated both as testate and intestate, as disposed of and undisposed of. It is either one or the other; it cannot be both or either as may suit the convenience of counsel in a particular case. True, the intention of the testator is the paramount rule in construction of wills and our courts in this country avail themselves of decisions and statutes in other jurisdictions as a circumstance in construing a will. Though the intention of the testator is a paramount rule, that

intention is to be derived from some expression of the will itself and not mere silence. A devise by implication is never inferred by silence. It must rest on some language in the will which the testator has employed and not upon some language which the testator might have had in mind at the time but did not use. The only language in this will, if any, that might reflect the intention of the testator is not consistent with the claim that his object was to give the remainder of his estate to the next of kin. The express provision in the will that the executor or widow or both might sell any or all of the property whenever they thought it advisable, is not in harmony with the scheme that all of the remainder or any part of it was to go undiminished to his next of kin. We do not base our conclusion upon this language but advert to it chiefly to show that it constitutes the only expression of the testator that in any degree, near or remote, refers to any right or interest in the property of the estate other than the life estate that was given to the widow. The following, among many cases that might be cited, support our conclusion that this remainder was not disposed of by this will. It will be observed that some authorities from Pennsylvania are included: *Sutton v. Read,* 176 Ill. 69, 51 N. E. 801; *Bond, et al. v. Moore, et al.,* 236 Ill. 576, 86 N. E. 386, 19 L. R. A. (N. S.) 540; *Parsons v. Millar,* 189 Ill. 107, 112, 59 N. E. 606; *Lewis v. Harrower,* 197 Ill. 315, 64 N. E. 374; *Minkler v. Simons,* 172 Ill. 323, 50 N. E. 176; *Coffman v. Coffman,* 85 Va. 459, 8 S. E. 672, 2 L. R. A. 848, 17 Am. St. Rep. 69; *Estate of Andrew Nebinger,* 185 Pa. 399, 39 Atl. 1049; *In re Corr's Estate,* 202 Pa. 391, 51 Atl. 1032; *Anstruther v. Chalmer,* 57 Eng. Rep., Vice-Chanc. Book 2, p. 691; Laws of England, Vol. 28, p. 654, sec. 1261, p. 666, sec. 1278; *Nickerson, Admr., v. Bowly,* 8 Metc. (Mass.) 424; *Gallagher v. Crooks,* 132 N. Y. 338, 30 N. E. 746; *O'Hearn v. O'Hearn,* 114 Wis. 428, 90 N. W. 450, 58 L. R. A. 105.

2. The question then recurs, is this controversy to be determined by the laws of Pennsylvania or the laws of Colorado? The chief reliance of the next of kin seems to be on the doctrine that the intention of a testator in making his will and its construction and operation are to be arrived at and ascertained from the laws of the state where he lived at the time of the execution of the instrument. The principal authorities relied on are: Rood on Wills, sec. 459, p. 302; *Harrison v. Nixon,* 9 Pet. (U. S.) 483, 9 L. Ed. 201; *Atkinson v. Staigg,* 13 R. I. 725; *Staigg v. Atkinson,* 144 Mass. 564, 12 N. E. 354; *McCurdy v. McCallum,* 186 Mass. 464, 72 N. E. 75; 12 C. J. 483, sec. 91; *Chappell's Estate,* 124 Wash. 128, 213 Pac. 684.

These cases go no farther than to say that in such inquiry the laws of the state where the testator was domiciled at the time he made the will is only one of the circumstances which the courts take into consideration. Conceding, therefore, as the parties themselves have stipulated, that if this will had been probated in Pennsylvania, the next of kin would get one-half of the property as intestate property and not under the will, none of these cases, nor any which we have examined, have decided that the courts of one state, when called upon to construe a will executed in another state, will be bound by the decisions of the courts of the latter state where the testator lived at the time of its execution. Nor do we find in any of the cases a suggestion that the domicile of the testator at the time of his death, if other than the domicile at the time of execution, is of no significance. We are satisfied that this controversy is to be determined by the laws of Colorado and not by the laws of Pennsylvania. The principal administration of this will could not be in the courts of any other state than Colorado, as all the property of the estate is situate, and the testator at the time of his death and for many years previous had continuously lived,

in this state. He is presumed to know the laws of Colorado with reference to the descent and distribution of intestate property and what portion of the estate of married people may not be devised by either to any other person; just as a testator is presumed to know the laws of the state where he was domiciled at the time of execution. It is conceded by the next of kin that if the laws of Colorado govern, the widow is entitled to all of this property if she has not waived or lost her rights, which contention of the next of kin will be considered later in the opinion.

Of the decisions above cited on which the next of kin rely, in the Harrison-Nixon case, the Supreme Court of the United States refrained from deciding the question before us which the next of kin here urge with force and plausibility. In the Staigg case in Rhode Island the statement that the law of the testator's domicile at the time of the execution of the will governs as to its meaning and the intent of the maker was limited in its application to land situate in Rhode Island; that is, the will, in so far as it affected land situate in Rhode Island is to be construed according to the laws of that state. The court expressly said there that it did not find it necessary to consider how far it would be willing to follow some former decisions ''in importing by construction into a will of realty the law of any other place than that in which the land is situate''. In the McCurdy case from Massachusetts, the court merely held that a will proved in the domicile of the testator in a foreign country is to be construed by the law of that country. That is true, but such question is not before us. In the Staigg case from Massachusetts the court said that the Massachusetts statute does not purport to affect lands outside of the state, either by way of construction or otherwise, and that the statutes of each state control as to land situate therein so far as concerns the question of descent and distribution. Con-

ceding as we have that the law of the testator's domicile at the time the will is executed is a circumstance to guide the courts of another state in the construction of a will and in ascertaining the intent of the testator, it is but one circumstance and by no means conclusive or controlling. All of the authorities that speak on the subject declare that the laws of the state where the testator lived at the time he made his will will not, in the courts of another state where the will is probated, be controlling or conclusive or be followed in so far as it concerns the intention of the testator, or as bearing on the effect and operation of the will, if it is contrary to the public policy or the statutes of the state where the will is probated. Applying that doctrine we say, if this testator at the time he made the will, although the instrument is silent, intended that its effect and operation with respect to the remainder should be governed by the laws of Pennsylvania, which, of course, we do not say the record discloses, still the construction required by such laws, if they are what the next of kin claim them to be, will not be enforced in the courts of Colorado, opposed as they are to the public policy of the state as declared by our General Assembly respecting the descent and distribution of property not disposed of by will.

We are not without authority in our own state upon the precise question as to personalty, and even, as above stated, the authorities cited by the next of kin are to the same effect as to immovable property. In *Goodrich v. Treat,* 3 Colo. 408, 410, citing Story on Laws, sec. 481, it was held that the law of the intestate's actual domicile at the time of his death governs the descent and distribution of his personal property. In 12 C. J. p. 483, a number of authorities are collated and the author of the article says that the laws of the state where realty is situate govern its descent and distribution. As to the effect of a testamentary disposition of lands, the lex

rei sitae is to control. See also 18 C. J. 809. In 40 Cyc. p. 1383, the author says: ''But as to the operative effect of the will, and the rights of the parties thereunder, its construction as to personalty is governed by the law of the testator's domicile at the time of his death, and as to the disposition of real estate, or the creation of any interest therein by the law of the place where the property is situated.'' The doctrine of these cases, as applied to the facts of this case, clearly makes the Colorado statute controlling, since this testator lived in Colorado at the time of his death, all of the property, both real and personal, was situate here and the principal administration of the estate is pending in the courts of this state.

*Peet v. Peet,* 229 Ill. 341, 82 N. E. 376, 13 L. R. A. (N. S.) 780, 11 Ann. Cas. 492, collects many authorities and enforces the rule that where a will affects land within a state the courts of that state are not bound to adopt the construction placed upon it by the courts of another state where the will was executed. In *Clarke v. Clarke,* 178 U. S. 186, 20 Sup. Ct. 873, 44 L. Ed. 1028, in an opinion by the late Chief Justice White, it was held to be a doctrine firmly established that the law of a state in which land is situate controls and governs its transmission by will or its passage in case of intestacy, and that we must look to the law of the state for rules which govern its descent, alienation and transfer and for the effect and construction of wills.

3. We now pass to a consideration of other objections by the next of kin to the judgment of the district court. They say that the widow, in proposing the will for probate, in accepting the appointment as administratrix with the will annexed, in filing her election to take one-half of the property under the statute instead of the provision made for her in the will, waived or lost her right to insist that she is entitled to all of the property of the estate. We do not agree with this contention.

If the widow knew of this will or had it in her possession it was her duty under our statute, seasonably after the death of her husband to present it for probate. In tendering it for probate she did not vouch for its validity or that it disposed of all the testator's property, nor did she waive her right to take under the statute, nor her right to claim all of the property of the estate as the sole heir at law of her husband. She was not inconsistent in these particulars to claim the remainder of the property or all interest in the property, other than that given to her in the will. The law favors the construction that a testator intended to dispose of all of his property, but that is only a presumption which may be overcome by the will itself and in this case we have held that there was not a disposition by the testator of all of his property but only of a life estate. Under the intestate statute of this state, as applicable to the facts in this record, the widow is entitled to all the property of the estate not otherwise disposed of by will and unless she elects to take under the statute, she is entitled to such interest in that property as the will gives her. The next of kin got nothing, as we have already determined, by this will. When the widow elected, as she might, to take under the statute one-half of the property she did so not by permission of the intestate law but by permission of the statute relating to wills, and thereby she renounced her right to the life estate. After the widow elected to take one-half the property, there was left the other one-half which the will did not purport to dispose of. It necessarily, therefore, was undisposed of property and, under our intestate statute of descent and distribution, descends and must be distributed to the widow as the sole heir of a deceased husband in the absence of children, or their descendants. In other words, the widow, after her election, took nothing by the will. Under the statute of wills, in lieu of the provision made in the will for her,

she got by the election an absolute title in and to one-half of the entire estate, and as the other one-half of the property had not been disposed of by will or otherwise and descended and was to be distributed under the intestate laws, the widow got under the same the other one-half interest as sole heir at law of her deceased husband. Certainly the next of kin got nothing by the will and received nothing either under our intestate statute or the statute of wills. It is difficult to conceive upon what ground they now complain of the judgment that gave to the widow one-half of the estate under the intestate statute and the other half under the statute of wills. It is not a case of where the widow is claiming part of the estate under a will which she renounces, and a part under a statute which she invokes. She claims, and rightly so, one-half of the property under the one statute and the other half under another statute. There is no inconsistency therein.

The widow is not estopped by her conduct. The next of kin lost nothing by any of her acts and they were not led to take the course they adopted because of her conduct. In *Hodgkins v. Ashby*, 56 Colo. 553, 139 Pac. 538, this court in an elaborate opinion by Mr. Justice Bailey, held that the widow did not waive or lose her rights under our statute either in presenting, or by participating with others in presenting, the will for probate or in making her election under the statute. As it was in force at the time of that decision there was no time limit, as there is now, for making the election. In this case the widow, well within the existing limitation period, and at the same time she asked for a construction of the will and the determination of heirship, elected not to take under the will but under the statute. The doctrine of the Hodgkins case is just as applicable to the widow's conduct in this case as it was to the conduct of the widow there. That decision is squarely against the contention here by the next of kin that the widow lost her

right of election and her right to take either under the intestate, or the wills, statute. See also *Binkley v. Switzer,* 69 Colo. 176, 179, 192 Pac. 500, and *Ferguson v. Holborn,* 106 Or. 566, 211 Pac. 953.

4. An additional point is made that under the doctrine of acceleration the widow, under the rule laid down in 2 Alexander on Wills, p. 1217, sec. 838, and Woerner on American Law of Administration (3d Ed.), Vol. 3, p. 1487, is to be treated as if she had died at the same time as the testator and the rights of the remaindermen were thereby accelerated. We do not perceive the application of the doctrine. Whatever it may be in some other state of facts, it has no application to a case like this where the will does not purport to create a remainder. There being no remainder to vest at anytime, the doctrine of acceleration has no application whatever. If any authority is necessary, a recent decision of this court in *Barnard v. Moore,* 71 Colo. 401, 207 Pac. 332, is sufficient to show the inapplicability of the rule to the facts of this case. There Mr. Justice Denison held that the conveyance by the widow of her life estate to the children did not make their title a fee simple absolute under the doctrine of acceleration. If so, and the point was well decided, how is it possible that the election by the widow here to take under the statute and not under the will, thus availing herself of a vested statutory right, would have the effect of accelerating an alleged remainder that was never created?

The judgment of the district court is right and it is affirmed.