In the Matter of the Will of JACOB MAYERS, Deceased.

Surrogate's Court, New York County, October 30, 1944.

*Manfred Nathan* and *Arnold J. Brock* for Martha Mayers, petitioner.

*Leavitt J. Hunt* and *Holt S. McKinney* for Empire Trust Company and another, executors and trustees, respondents.

*Gilbert Lazerus* and *Joseph V. McKee* for St. Vincent's Hospital of the City of New York, respondent.

*House, Grossman, Vorhaus & Hemley* for Hospital for Joint Diseases, respondent.

*Stroock & Stroock & Lavan* for Montefiore Hospital for Chronic Diseases, respondent.

*Frederick W. Scholem* for Isabel Anspach, respondent.

*Herbert W. Haldenstein* and *Howard J. Snyder* for Home for Aged and Infirm Hebrews of New York, respondent.

*Curtis, Mallet-Prevost, Colt & Mosle* for Lenox Hill Hospital, respondent.

*W. N. Seligsberg* for New York Association for Jewish Children, respondent.

*Benjamin, Galton & Robbins* for Mount Sinai Hospital, respondent.

*Rogers H. Bacon* for St. Luke's Hospital, respondent.

FOLEY, S. In this proceeding the widow of the testator seeks a determination as to the validity, construction and effect of the dispositions of property contained in the will and codicil of her husband and the application of section 18 of the Decedent Estate Law.

The widow filed a notice of election to take against the terms of the will under that section.

The question is a simple one. It is attempted to be magnified by technical arguments urged by counsel for the widow. The testator left no children. Under section 18 he was privileged to set aside absolute bequests and a trust fund for the benefit of his wife aggregating one half of his net estate.

The Surrogate holds that the testator has provided all the minimum benefits required by the statute and that thereby the will is immune against any attack by the widow. There is neither an absolute nor limited right of election available to her. The will bequeathed to her a legacy of $10,000 and gave certain personal property by specific bequest of relatively small value. It bequeathed the sum of $5,000 as an outright legacy to the sister. No other preliminary dispositions were made. The residuary estate was given in trust, with directions to pay the net income in equal proportions to the wife and to the sister of the testator, share and share alike. Upon the death of either of the two life tenants, the income was directed to be paid to

the survivor. Upon the death of the survivor, the remainder was directed to be given to charitable beneficiaries.

The gross estate approximates $2,000,000. Under any method of computation the dispositions in favor of the widow exceed the required minimum statutory share of one half of the net estate by the aggregate of outright gifts and the principal of the trust created for her benefit.

The contentions of counsel for the widow that a right of election exists because one half of the *income* of the residuary trust was given to the widow and because there was no specific direction for the separation of the principal of such one half from the balance of the residue are overruled. He argues that the testator could properly have created two equal trusts with the income of one payable to the widow, but could not create a whole trust with half the income thereof payable to the widow. This argument is an attempt to make a distinction without a difference.

The terms of section 18 admit of no such strained interpretation. They contemplate a substantial compliance with the privilege afforded to a testator to create minimum benefits for his wife and against which no right of election may be enforced. The gift of the income of a sufficient principal is a compliance with the statute. Necessarily, such a gift of income would be based upon the requirement for the setting up of a trust adequate to produce the income on the required principal.

In *Matter of Matthews* (255 App. Div. 80, affd. 279 N. Y. 732), there is strong dictum which indicates a similar interpretation of the statute to the one reached here by the Surrogate.

There, the residuary trust was primarily created in terms almost identical to those in the will under construction in the present proceeding. The direction was to pay the income of the residuary trust fund in equal shares to the wife and mother of the testator. There was no express provision for the severance of the principal of the trust into two parts. These directions were set forth in clause fifth of the will. In the opinion of the Appellate Division it was stated (p. 83): " Concededly, if the will in its provisions for the widow contained only clause fifth above quoted, she would have no right of election." In that proceeding, however, there was a vesting of authority and power in the trustee to make invasions of principal for distribution to the widow and to the mother. Thereby the trustee would have the right to reduce the principal of the trust for the benefit of the widow below the statutory minimum by invasions and payments to the mother of the testator. Because of that power

it was determined that the testator had failed to provide the minimum benefits by way of trust and outright legacy and that a right of election existed in the widow. There is no right of invasion of principal in the will involved in this proceeding.

Under the equitable jurisdiction and powers of the Surrogate, the trustees in the present estate are directed to divide the assets of the residuary trust into two equal parts and to maintain the same investments in identical amounts in each half. That direction shall also apply to reinvestments, which the testator has carefully limited to obligations of the United States and obligations of the State of New York. The real estate may be held until sale as representing equal undivided interests. The specific authority for these directions of the Surrogate may be found in *Matter of Clark* (275 N. Y. 15), where the Court of Appeals stated: " The Surrogate has jurisdiction to direct an equitable distribution and valuation of the assets so as to insure to the widow her intestate share.'' The other clauses of the will, including those conferring certain powers on the executors and trustees, furnish no basis for an absolute right of election on the part of the widow. Any claim that these clauses rendered the will open to successful attack would be frivolous. They only demonstrate an expression of the strongest intent on the part of the testator to give to his wife her half share of all income.

The stipulation of the attorneys for the payment of the sum of $1,000 out of accumulated income to the widow and for the further payments of the sum of $1,500 monthly out of accruing income to the widow and to the sister has been approved by the Surrogate. Such monthly payments shall continue until the further order or decree of this court.

The question of the violation, if any, of the terms of section 17 of the Decedent Estate Law is reserved for determination in the accounting proceeding of the executors.

Submit decree on notice construing the will accordingly, with a determination that the widow has no right of election to take in any form against the terms of the will.