383 P.2d 339 (1963)
In the Matter of the ESTATE of Thomas Rhea CORWIN, Deceased.
Ila Corwin BRUNER, Guardian Ad Litem for Kathleen Corwin Bruner, a minor, Petitioner-Appellant,
v.
Harry S. CORWIN, Executor-Respondent.
No. 9226.
Supreme Court of Idaho.
June 7, 1963.
Rehearing Denied July 29, 1963.
Murphy, Schwartz & Cunningham, Shoshone, for appellant.
Howard E. Adkins, Shoshone, Frank M. Rettig, Jerome, for respondent.
SMITH, Justice.
This appeal concerns an interpretation of certain provisions of the last will and testament of Thomas Rhea Corwin, deceased, who died March 17, 1958, at Shoshone, Idaho. Decedent is hereinafter sometimes referred to as the testator.
Appellant is guardian ad litem and natural mother of the minor child, Kathleen Corwin Bruner, referred to in decedent's will as Kathleen Rhae Corwin, who is the surviving granddaughter of decedent. Respondent, Harry S. Corwin, is the executor of decedent's will and brother of the testator; and hereinafter he is sometimes referred to as the executor.
*340 November 12, 1953, the testator, then sixty-five years of age, executed an olographic will. At that time his wife was living; later she predeceased him. Testator's will was duly presented to the probate court of Lincoln County for, and admitted to, probate.
During the course of administration of decedent's estate, appellant, on behalf of the minor, Kathleen Corwin Bruner, made due objections to the order of the probate court fixing the gross market value of the property of decedent's estate, the order fixing the clear or net value of all inheritances, and the executor's final account. Appellant also objected to the executor's petition for distribution of decedent's estate and for settlement of the final account, and particularly contended that the petition was erroneous because the allegations therein contained did not conform to the terms and conditions of decedent's will in certain regards. Specifically, appellant objected to entry of any order or decree setting over to respondent, as decedent's brother, any portion of decedent's estate.
The probate court in effect overruled appellant's objections and thereupon entered orders fixing the gross market value, and clear or net value of decedent's estate, and settling the executor's final account; the court also entered a decree of final distribution of decedent's estate, in the form as presented by the executor, distributing one-half of the property, then remaining in decedent's estate, to decedent's surviving brother Harry S. Corwin, and the remaining one-half to his granddaughter, Kathleen Corwin Bruner. Appellant thereupon appealed to the district court in and for Lincoln County from the probate court's orders fixing inheritance tax and settling final account, and from the decree of distribution. The district court in all respects affirmed the orders and decree of the probate court.
The district court found that although the will was ambiguous, it disclosed the intention of the testator to dispose of his entire estate and not to die intestate; that the testator intended one-half of his estate to descend to Kathleen Corwin Bruner and the other half to his brother, respondent Harry S. Corwin; that the intention of the testator can be determined from the will, and that by the will the testator made complete testamentary disposition of all of his property in accordance with the determination made by the probate court. The district court entered judgment accordingly affirming the orders and decrees of the probate court. From such judgment appellant perfected this appeal.
Appellant by her single assignment of error contends that the district court, in affirming the probate court, erred in the interpretation and construction of decedent's will, and in finding that one-half of decedent's estate, not set aside in trust to his granddaughter, had been bequeathed and devised to decedent's brother, respondent Harry S. Corwin, and which resulted in the order establishing the clear net value of the estate, the payment of certain inheritance tax, and the decree of distribution, to the entry of which instruments appellant had made due objections.
The portion of decedent's will which gives rise to the dispute reads as follows:
"* * * that upon my death, if she [testator's wife who predeceased him] is not living or surviving me, then I give, devise and bequeath, all of my estate, real, personal and mixed property, wherever situated and however held. I bequeath one-Half (½) of my estate to Kathleen Rhae Corwin daughter of Kenneth Rhae Corwin, deceased to be placed in trust, untill she becomes Eighteen (18) years old and I direct that in the event Kathleen Rhae Corwin she be not then surviving, I hereby give devise, and bequeath unto my Brother Harry S. Corwin, named my executor, named in this my last will and testement, and undevided interest and to all my gross estate, real, personal and mixed, of every nature, Kind and description, wherever situated and however held."
*341 The testator failed to include a residuary clause in his will; therefore, in the event the trial court erred in its judgment affirming the decree of distribution of the probate court setting over and decreeing to respondent, decedent's brother, one-half of the testator's estate, then such one-half of the estate must be governed by the laws of succession. In other words if the will clearly discloses that the testator did not dispose of all his property, particularly in the absence of a residuary clause, then the omitted property must descend according to the laws of succession. I.C. §§ 14-102 and 14-103; Page on Wills, Vol. 2, § 927; 95 C.J.S. Wills § 615 c.; In re Peabody's Estate, 21 Cal.App.2d 690, 70 P.2d 249.
Appellant contends that respondent, decedent's brother, cannot take one-half of the estate under the will, particularly since the testator devised one-half of the estate to Kathleen Corwin Bruner, but failed to dispose of the other one-half; that therefore one-half of the estate must be governed by the laws of intestate succession. Appellant states the principal issue before this Court is as follows: "Does the will, which is being subjected to interpretation, leave the remaining one-half of the estate to the brother, Harry S. Corwin, or does the will omit disposing of the remaining one-half of the estate, which would require it to follow the laws of succession?"
Courts favor testacy rather than intestacy. A will should be interpreted, if possible, in such manner as to prevent intestacy when it evinces an intention to dispose of the entire estate. 95 C.J.S. Wills, § 615a.; In re Hartwig's Estate, 70 Idaho 77, 211 P.2d 399; In re Spence's Estate, 57 Cal.App.2d 922, 135 P.2d 419; In re Northcutt's Estate, 16 Cal.2d 683, 107 P.2d 607. However, in order to avoid intestacy, either partial or complete, the court is not permitted to place on the will any construction not expressed in it, and which is based on supposition as to the intention of the testator in the disposition of his estate. In re Hoytema's Estate, 180 Cal. 430, 181 P. 645; In re Beldon's Estate, 11 Cal.2d 108, 77 P.2d 1052; 95 C.J.S. Wills § 615c.
A reading of the will clearly shows that the testator left one-half of his estate in trust for Kathleen Corwin Bruner, but failed to dispose of the remaining one-half thereof. In the event Kathleen Corwin Bruner died prior to the testator, respondent brother was to receive "an undivided interest" of the gross estate. But Kathleen Corwin Bruner is not dead; therefore, respondent is not entitled to one-half of the estate, and such one-half must descend according to the laws of intestate succession. This is true because the testator did not provide that respondent take under the will if Kathleen Corwin Bruner be living at the time of testator's death; and further, this particular will contains no residuary clause.
In re Hoytema's Estate, 180 Cal. 430, 181 P. 645, a somewhat comparable situation occurred. In that case Jennie Hoytema left a will reading as follows:
"I am writing these lines in case I should meet with an accident or in any other way die then it is my wish if my brother Hans Peter Nelson is alive send this letter to him. Should he be dead then it is my wish that my brother's daughter Emma and my dead sister Bena's daughter who lives in Chicago, her name is Agnes, shall together sell all my property and divide equally between my dead sister Anna's children by name Engeborg, Anna, Alfrida, and Otto, living in Copenhagen and Nakskov. It is my wish that my niece Emma Nelson receive $500 extra for her taking care of me. It is also my wish that my friend Mrs. Rosa Friis shall be given $500."
Hans Peter Nelson survived the testator. The Supreme Court of California held that the mere direction that the will be sent to Hans Peter Nelson could not be construed as a bequest to him. The court further held that the testator's directions to divide the estate between Engeborg, Anna, Alfrida, and Otto, children of testator's deceased *342 sister, could not be given effect because this was to be done only in the event that Hans Peter Nelson be dead. The court further directed that the testator, except for two specific bequests, must be considered as having died intestate.
"Courts are not permitted in order to avoid a conclusion of intestacy to adopt a construction based on conjecture as to what the testator may have intended, although not expressed." In re Hoytema's Estate, supra. See also In re Tarrant's Estate, 38 Cal.2d 42, 237 P.2d 505; In re Searl's Estate, 29 Wash.2d 230, 186 P.2d 913, 173 A.L.R. 1247; 2 Schouler on Wills, Executors and Administrators, (6th ed.), § 862, p. 980. "Courts cannot speculate as to what was in the mind of the testator, what he intended to do, or what he intended to declare in his will, but our task herein is to determine what was meant by what the testatrix did declare in her will by the words she actually used therein. [Citations]. Presumptions and auxiliary rules applicable to probate matters are all subordinate to the cardinal rule just enunciated." In re Watson's Estate, 32 Cal.App. 2d 594, 90 P.2d 349. See also In re Maloney's Estate, 27 Cal.App.2d 532, 80 P.2d 998; In re Klewer's Estate, 124 Cal.App.2d 219, 268 P.2d 544, 41 A.L.R.2d 941; Blatt v. Blatt, 79 Colo. 57, 243 P. 1099, 57 A.L.R. 221; Chicago Daily News Fresh Air Fund v. Kerner, 305 Ill.App. 237, 27 N.E.2d 310.
The judgment of the district court is reversed with instructions to reverse the orders and decree of the probate court of Lincoln County insofar as they are in conflict with the views expressed herein, and to remand the cause to the probate court with instructions to enter orders and decrees in the matter of the estate of Thomas Rhea Corwin, deceased, consonant herewith.
Costs to appellant.
KNUDSON, C. J., and McQUADE, McFADDEN and TAYLOR, JJ., concur.