Harry G. Herman, S.
The surviving spouse of the decedent has instituted this proceeding for a construction of the will pursuant to section 145 of the Surrogate’s Court Act, and for a determination pursuant to section 145-a thereof, as to the validity of a notice of election and recorded pursuant to section 18 of the Decedent Estate Law.
The sole question presented for determination is whether or not a trust under the will of testator with the net income payable to petitioner during her lifetime meets the requirements of section 18 of the Decedent Estate Law, by reason of the testamentary provision that upon her death “ the corpus of such trust together with all accrued but unpaid income ” is to be paid or distributed to the persons named as remaindermen.
The testator died on July 4, 1964. By reason of the amendments to section 83 of the Decedent Estate Law effective March *346 1, 1964 (L. of 1963, ch. 712) the widow of decedent was his sole distributee pursuant to subdivision 4 of said section.
The provision for the benefit of petitioner is contained in a formula clause whereby petitioner is bequeathed outright the sum of $2,500, if her intestate share shall exceed such sum, and, in addition thereto, the income from a trust in an amount equal to her “ intestate share.”
Petitioner initially contended that the provision for payment upon the death of the widow of ‘1 all accrued but unpaid income ’ ’ to the named remaindermen constituted a stipulation against the statutory apportionment provided for by section 204 of the Surrogate’s Court Act, and therefore failed to satisfy the minimum requirements in favor of the surviving spouse under section 18 of the Decedent Estate Law, in that she would become entitled to receive something less than the benefit of all of the income of said trust during her lifetime.
At the request of counsel, the submission of briefs was withheld, pending the determination of an appeal from a decree of the Appellate Division, Second Department, based upon its decision in Matter of Baileson (22 A D 2d 801). In its memorandum opinion (Matter of Baileson, 16 N Y 2d 757), the Court of Appeals reversed the determination of the Appellate Division, and held that a stipulation against the apportionment of accrued income, i.e., income earned by corpus but not yet payable to the trustee, in and of itself, did not deprive the widow of the benefit of the income of a trust for her life, under section 18 of the Decedent Estate Law, so as to give her a right of election, citing Matter of Byrnes (260 N. Y. 465, 473, 474; N. Y. Legis. Doc., 1930, No. 69, pp. 87, 88).
Although petitioner’s right to elect initially was predicated apon the holding of the Appellate Division in Matter of Baileson (supra), petitioner now attempts to draw a distinction between the phraseology of the respective wills, i.e., ‘ ‘ ‘ Income accrued but not due ’ ” as employed in Matter of Baileson (supra), and ‘ ‘ accrued but unpaid income ’ ’ the phrase employed herein.
There is no basis for the distinction sought to be made. In essence, the Court of Appeals held that a stipulation against the apportionment of income, in and of itself, did not so deprive the widow of the benefit of the income of a trust for her lifetime as to afford her a right of election. For most purposes, income accrued but not due is the equivalent of income accrued but not paid since accrued income not due would not be paid or payable.
The distinction between “accrued income” and “ accumulated income ” is well recognized. Accrued income is that earned but not yet due or payable to the trustee, while accumu *347 lated income represents that paid to, but not distributed by the trustee. (See Matter of Watson, 144 Misc. 213, mod. on other grounds 237 App. Div. 625; Matter of Ferguson, 105 N. Y. S. 2d 552, 554.) There is no indication in the will that the testator employed the phrase in any other sense. Nor is there any indication that the phrase ‘‘ income accrued but unpaid ” was to embrace accrued income due and payable to the trustee but which in fact had not been actually paid to the trustee. (See Matter of Juilliard, 238 N. Y. 499.) The phrase ‘ ‘ income accrued but unpaid ’ ’ is construed as referable only to accrued income neither due nor payable.
The court accordingly determines that the provision for the payment of accrued income to the named remaindermen, even though it constitutes a direction against apportionment under section 204 of the Surrogate’s Court Act does not so deprive the surviving spouse of the benefit of the income of a trust for her life under section 18 of the Decedent Estate Law as to afford her a right of election. This is the clear holding of the Court of Appeals in Matter of Baileson (supra).