In the Matter of the Accounting of HARRY PANISH, as Executor of MARKS BRETTSCHNEIDER, Deceased, Appellant. ROSE BRETTSCHNEIDER, Respondent.

First Department, May 7, 1968.

*Sam Panish* of counsel (*Smith, Panish & Getlan,* attorneys), for appellant.

*Thomas Cartelli* for respondent.

*Per Curiam.* The testator by paragraph Fourth of his will dated March 28, 1951 provided for a statutory trust for his widow — " an amount equivalent to her intestate share ". Upon termination of the trust, the trustees are directed to pay over the then principal and " any unpaid income " to testator's three children by a prior marriage. The decree appealed from by the executor and legatee children holds that the widow validly exercised her right of election and is entitled to take outright her intestate share since under the language of the will she is not assured of the entire undiminished income of the trust and consequently the trust fails to meet the requirements of section 18 of the Decedent Estate Law.

The use of the words " any unpaid income," in and of themselves, does not deprive the widow of the income of the trust for her lifetime so as to afford her a right of election. There was no stipulation against apportionment of income, no direction for its accumulation, and no discretion vested in the trustees as to its use. The will directed that " the net income " be paid " to my said wife semi-annually during her life." The widow is entitled to have the whole income paid to her during her entire life and if there be any question with respect to the rights of remaindermen to " unpaid income," it may be determined after her death. Minor deviations from the right of election statutes or minimal invasions of the trust income do not give the surviving spouse an absolute right of election contrary to the intention of the decedent spouse. (*Matter of Baileson,* 16 N Y 2d 757; *Matter of Schlinger,* 48 Misc 2d 345; *Matter of Geltman,* 194 Misc. 704; *Matter of Mayers,* 184 Misc. 413; Decedent Estate Law, § 18-b, subd. 1, par. [j]; EPTL 5-1.1, subd. [c], par. [1], subpar. [J]; see, also, *Matter of Keogh,* 112 App. Div. 414, 418, affd. 186 N. Y. 544.)

The decree appealed from insofar as it sustained the widow's right of election against the will should be reversed on the law, her objections to the account in this particular should be overruled, with costs to all parties filing briefs payable out of the estate, and the matter remanded to the Surrogate's Court, Bronx County, for the entry of a decree on the accounting in accordance herewith.

BOTEIN, P. J., STEVENS, STEUER, TILZER and McNALLY, JJ., concur.

Decree, insofar as it sustains the widow's right of election against the will, unanimously reversed, on the law, her objections to the account in this particular overruled, with $50 costs and disbursements to all parties filing briefs payable out of the estate, and the matter remanded to the Surrogate's Court, Bronx County, for the entry of a decree on the accounting in accordance with the opinion *Per Curiam* filed herein.