732 P.2d 275

In the Matter of the ESTATE OF Robert Nelson HOWARD, aka Nelson Howard; Nelson Robert Howard; and Robert N. Howard.

**Ross HOWARD, Appellant,**

v.

ESTATE OF Robert Nelson HOWARD, aka Nelson Howard; Nelson Robert Howard; and Robert N. Howard, Respondents.

No. 16130.

Supreme Court of Idaho.

Jan. 12, 1987.

Kim Jay Trout and Kerry Alan Wagner (argued), of the firm Randall, Blake, Cox, Risley & Trout, Lewiston, for appellant.

Reed Clements of the firm Clements, Brown & McNichols, Lewiston, for respondent, Estate of Robert Nelson Howard.

Del Steiner, Lewiston, for respondent, Robert N. Howard.

PER CURIAM.

Ross Howard appeals from the district court's decision construing the will of Robert Nelson Howard. We *affirm.*

Robert Nelson Howard died December 29, 1978, in Costa Rica. He was survived by his wife, Karen Dover Howard; his sons, Dallas and Nelson Robert Howard; his daughter, Madeline Howard; and his grandson, appellant Ross Howard. At the time of his death, the testator was domiciled in the state of Idaho, Nez Perce County. His will, dated October 18, 1977, provided for the establishment of a trust and its administration. Neither the validity of the will nor its admission into probate has been challenged.

The will provides that the trust shall terminate when Madeline Howard reaches, or if not living would have reached, the age of 33. The testamentary trust directed the trustee to distribute the income from the trust property, until termination, in specified amounts as follows: $7,000 per year to Karen Dover Howard until her death or remarriage, $4,800 per year to Madeline

Howard until she reaches the age of 17 and thereafter $7,000 per year, $3,000 to Nelson Robert Howard until he reaches his seventeenth birthday and then $7,000 per year, and $2,000 per year to Ross Howard.

The trust also requires that upon the sale of any timber on any land, 25 percent of the net proceeds of the sale is to be distributed to the income beneficiaries of the trust. However, the proceeds from the sale of any real or personal property are not to be distributed as income, but shall become a part of the corpus of the trust.

Upon termination of the trust, the will specifies a plan of distribution of the trust assets to designated beneficiaries. Part of the plan directs that Nelson Robert Howard is to receive all of the land and timber on a property known as the Craig Mountain Ranch.

On July 15, 1983, Richard Lee Howell, the personal representative-trustee, sold the Craig Mountain Ranch in Nez Perce County. There is no argument that a substantial portion of the ranch's value was attributable to merchantable standing timber; however, the sale was of the real estate including the timber. Howell did not distribute the proceeds of this sale. He subsequently petitioned the district court for an order allowing him to treat the proceeds as corpus of the trust. Appellant Ross Howard objected, and over his objection the district court entered its order granting Howell's request.

This appeal has been brought to determine, as a matter of law, the interpretation of the provisions of the trust. In his decision dated February 25, 1985, Judge Maynard interpreted article 7, ¶ 10 of the will. The opinion, in relevant part, reads as follows:

Personal representative having filed his second accounting and as a part of said accounting requested the court to adopt the interpretation of the decedent's will as set forth.

The Court finds that the will is clear and unambiguous and finds that the decedent's intent is clear throughout the entire instrument. The Court finds that

the decedent made certain specific bequests that would be payable over a period of several years. That the decedent was cognizant of the need to have income so that these specific bequests could be met when they became due.

The Court finds that the provision which provided that in the event of the sale of any timber, 25 percent of the net proceeds would be distributed to income beneficiaries and the remaining 75 percent to the corpus of the trust was intended to do just that. That is 25 percent of the net proceeds would be held by the trustee to make payments on the specific bequests if needed.

The decision was followed on June 25, 1985 by a supplemental opinion which reads, in its entirety, as follows:

In augmentation of its order of February 25, 1985, the Court finds that the 75 percent of any timber sale which is retained in the corpus of the trust is held to insure payment of periodic distributions required by the trust. *It should be clear that upon a sale of land, the timber sale provision of the trust does not require a separate sale of timber or require that the timber be separately evaluated and that evaluation accounted for.* (Emphasis added.)

The will provision at issue, Article 7, ¶ 10, is reproduced below:

In the trust created in this my Last Will and Testament, it is my will in the event of the sale of any real or personal property, the capital gains income, if any, from the sale of any such property is not to be distributed as income but shall become a part of the corpus of the trust, except in the event of the sale of any timber on any lands in the trust created hereby, twenty five (25) per cent of the net proceeds from the sale of said timber shall be distributed to the income beneficiary of the trust and the remaining seventy five (75) per cent of the net proceeds of any such sale shall be retained in the trust as a part of the corpus.

The issue we are called upon to decide is whether the sale of land including mer-

chantable timber constitutes a sale of timber within the meaning of Article 7, ¶ 10 of the testator's will. Our inquiry is guided by several legal principles. Principal among them is that a reviewing court, when interpreting a will, must give effect to the intention of the testator. *Allen v. Shea*, 105 Idaho 31, 665 P.2d 1041 (1983). This intention is discovered by examining the will itself. I.C. § 15–2–603 (1979) provides: "The intention of a testator *as expressed in his will* controls the legal effect of his dispositions." (Emphasis added.)

If the language of the document is unambiguous, the Court will not look beyond the four corners of the will. *Matter of Estate of Berriochoa*, 108 Idaho 474, 700 P.2d 96 (Ct.App.1985). Whether the will is ambiguous, and the construction of the document generally, are questions of law. *Id.*, 108 Idaho at 475, 700 P.2d at 97; *Clark v. St. Paul Property & Liability Insurance Cos.*, 102 Idaho 756, 639 P.2d 454 (1981). Thus, the appellate standard of review of the trial judge's decision is one of free review. *Pullman-Standard v. Swint*, 456 U.S. 273, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982); Idaho Appellate Handbook § 3.2 (1985). In this case, we agree with the analysis of the district court.

■ The relevant language of the district court's June 25, 1985 supplemental opinion, which we endorse, is the following: "It should be clear that upon the sale of land, the timber sale provision of the trust does not require a separate sale of timber or require that the timber be separately evaluated and that evaluation accounted for." This language points up the fact that there is nothing in the critical Article 7, ¶ 10, of the will that supports appellant's position. Appellant urges us to hold that this provision means that a sale of land with timber on it is the same as a sale of timber, such that the income distribution mechanism of the trust is triggered.

However, the will's language works against this interpretation. Article 7, ¶ 10 distinguishes between sales of realty and sales of timber. The proceeds of realty sales are to be retained as corpus of the trust; only timber sales trigger the distribution of 25 percent of the income realized from the sale. The trial court correctly pointed out that if the testator's intent was that advocated by the appellant, he would have provided for separate valuation of merchantable timber standing on realty sold by the trustee. Appellant's position would do away with the realty sale (no distribution)/timber sale (25 percent distribution) distinction since much of the realty, located in North Idaho, has merchantable timber upon it.

■ Appellant has argued in his brief that the testator was knowledgeable in the business of timber land transactions. However, this works against his position. Idaho Code § 55–101 (1979) defines realty as:

1. Lands, possessory rights to land, ditch and water rights, and mining claims, both lode and placer.

2. *That which is affixed to land.*

3. That which is appurtenant to land. (Emphasis added.)

Thus, standing uncut timber is real property. *Spence v. Price*, 48 Idaho 121, 125, 279 P. 1092, 1093 (1929). Therefore, land with standing timber on it falls within the real property (no distribution) category of Article 7, ¶ 10. Although it is true that, under Idaho's version of the Uniform Commercial Code, a contract for the sale of timber converts standing timber into personalty, I.C. §§ 28–2–107(2) and 28–2–105(1) (1980), this provision creates no ambiguity in the will. The will provides different treatment for timber sales (distribution) versus sales of all other personalty (no distribution). This analysis only bolsters the trial court's decision: the proceeds from the sale of land with timber on it are not to be distributed; sales of timber to be severed and sold separately from the land *do* trigger a distribution of 25 percent of the proceeds. Since the sale of Craig Mountain Ranch included no separate sales of severed timber, no distribution is in order.

In addition, to adopt appellant's reading of the will would require us to violate one of the will's express provisions. Upon ter-

mination of the trust, all of the land and timber on Craig Mountain Ranch is to be distributed to Nelson Robert Howard. The proceeds from the sale are now held in trust for his benefit. It is axiomatic that one provision of a will cannot be construed such that another section is violated since that would be contrary to the cardinal rule that the Court must give effect to the express intention of the testator where possible and lawful. *Dolan v. Johnson*, 95 Idaho 385, 509 P.2d 1306 (1973). To decree a distribution of 25 percent of the value of timber on the Ranch would do violence to the specific bequest to Nelson Robert Howard.

The judicial function is to give effect to the lawful testamentary intent as evidenced by the will, and to eschew speculation as to the testator's undeclared motives or purposes. *Allen, supra*, 105 Idaho at 34, 665 P.2d at 1044. This function the district court ably performed.

*Affirmed.* Costs to respondents; no attorney's fees awarded.