# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 47606

| | |
|---|---|
| In the Matter of the Estate of:<br>Robert Alan Wall, Sr., Deceased. | ) |
| DAVID ARREDONDO, | ) |
| | ) **Filed: December 4, 2020** |
| Plaintiff-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ROBERT ALAN WALL, JR. and ROBIN | ) **OPINION AND SHALL NOT** |
| WALL, | ) **BE CITED AS AUTHORITY** |
| | ) |
| Respondent. | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. George A. Southworth, District Judge. Hon. Thomas A. Sullivan, Magistrate.

The district court's order, on intermediate appeal from the magistrate court, affirming the order granting partial summary judgment, affirmed.

Morrow & Fischer; William A. Morrow, Nampa, for appellant.

Robert Alan Wall, Jr., respondent, did not participate on appeal.

Robin Wall, respondent, did not participate on appeal.

---

GRATTON, Judge

David Arredondo appeals from the magistrate court's order granting partial summary judgment to Robert Alan Wall, Jr. and Robin Wall in a contested will action. Arredondo argues that the magistrate court erred by granting partial summary judgment because it failed to determine whether the will's distribution clause was ambiguous as a matter of law. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL HISTORY

In April 2018, following the death of Robert Alan Wall, Sr. (decedent), Arredondo filed a petition for formal probate of a will and sought appointment as personal representative of the

1

decedent's estate. Arredondo attached a five-page document to his petition that was titled "Last Will and Testament of Robert Alan Wall Sr." The document was a fill-in-the-blank will that was signed by the decedent, two witnesses, and a public notary (Will).

In June 2018, Robert Alan Wall Jr. filed an objection to Arredondo's petition and request for appointment as personal representative of the decedent's estate on the basis that the Will did not have a named beneficiary and his sister's whereabouts (Robin Wall) were unknown. After a hearing on the motion and the parties' stipulation, the magistrate court appointed Arredondo as the personal representative of the decedent's estate. In December 2018, Robin filed an objection to Arredondo's petition and request for appointment as personal representative of the decedent's estate arguing that she had an interest in the estate as an heir of the decedent and seeking appointment as personal representative of the decedent's estate. In addition, Robin filed a motion for partial summary judgment contending that no genuine issues of material fact existed as to distribution of the decedent's estate because the Will did not contain a distribution clause or name an intended beneficiary of the estate. As such, Robin argued that the decedent's estate should be distributed using Idaho's intestacy laws. After a hearing, the magistrate court granted Robin's motion for partial summary judgment. The court concluded that the Will failed to state a beneficiary, therefore the distribution of the decedent's estate should pass by intestate succession.

Thereafter, Arredondo filed a motion for permission to appeal the magistrate court's interlocutory order, which was granted. On appeal to the district court, Arredondo argued that the magistrate court erred by granting Robin's motion for partial summary judgment, in part, because the magistrate court failed to consider Arredondo's argument that the Will contained an ambiguous distribution clause which entitled him to a hearing to determine the testator's intent for distribution. Ultimately, the district court affirmed the decision of the magistrate court. Arredondo timely appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, we review the magistrate court record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154

Idaho 855, 858-59, 303 P.2d 214, 217-18 (2013). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *Id*. Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefore, and either affirm or reverse the district court.

On appeal from a motion for summary judgment, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). Summary judgment is proper if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. I.R.C.P. 56(c). The movant has the burden of showing that no genuine issues of material fact exist. *Stoddart v. Pocatello Sch. Dist. No. 25*, 149 Idaho 679, 683, 239 P.3d 784, 788 (2010). The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000). Once such an absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under I.R.C.P. 56(d). *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994). Disputed facts and reasonable inferences are construed in favor of the nonmoving party. *Castorena v. Gen. Elec.*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010). This Court freely reviews issues of law. *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

### III.

### ANALYSIS

Arredondo argues that the magistrate court erred by granting Robin's motion for partial summary judgment dismissing Arredondo's petition for formal probate of the decedent's Will.

3

Specifically, Arredondo contends that, contrary to Robin's argument and the courts' conclusions below, the Will contains an ambiguous distribution clause in the sixth paragraph.

When interpreting a will, the intention of the testator must be given effect. *Allen v. Shea*, 105 Idaho 31, 32, 665 P.2d 1041, 1042 (1983). The judicial function is to give effect to the lawful testamentary intent as evidenced by the will, and to eschew speculation as to the testator's undeclared motives or purposes. *Matter of Estate of Howard*, 112 Idaho 306, 309, 732 P.2d 275, 278 (1987). If the language of the will is clear and unambiguous, the intentions of the testator are reflected in the document itself. If the language is ambiguous, the factfinder may resort to extrinsic evidence to resolve the ambiguity and find the intentions of the testator. Whether the document is ambiguous is a question of law. *Werry v. Phillips Petroleum Co.*, 97 Idaho 130, 134, 135, 540 P.2d 792, 797 (1975). Any part of the estate of a decedent not effectively disposed of by his will passes to his heirs in accordance with Idaho's intestacy laws. I.C. § 15-2-101. "[I]n order to avoid intestacy, either partial or complete, the court is not permitted to place on the will any construction not expressed in it, and which is based on supposition as to the intention of the testator in the disposition of his estate." *In re Corwin's Estate*, 86 Idaho 1, 5, 383 P.2d 339, 341 (1963).

The district court provided an accurate recitation of the contents of the Will as follows:

> The first paragraph of the Will revokes all previous wills. The second paragraph designates [the decedent] as widowed. In the third paragraph, the lines in which the testator is allowed to list all children are left blank, and nothing is written. In the fifth paragraph, [decedent] appointed his longtime friend and business partner, David Arredondo, as his personal representative. He named [Arredondo's wife] as an alternate personal representative.
>
> In the sixth paragraph intended to devise property, the pre-printed statement reads: "I hereby give, devise and bequeath all of my estate, real, personal, and mixed, of whatsoever kind, nature or description as follows:" In the three blank lines after the statement, [the decedent] wrote the following: "Residence – 720 E. Maryland Ave – Nampa ID – Personal automobile – every personal possession in my home – personal bank acct – checking" and did not write to whom the property was devised.
>
> The seventh paragraph contains a pre-printed statement that reads: "In the event that any of my said children, have already or shall predecease me, leaving children of their own, then the share of such deceased child's interest in my estate shall go to his/her children, in equal shares; but should any of my said children predecease me, leaving no children, then such child's share of my estate shall go to their surviving siblings, my children, in equal shares." Directly above the statement, [decedent] wrote "No – No – No RAW" and underlined it.

4

The ninth paragraph contains a pre-printed statement that reads: "I intend to make a handwritten list indicating to whom certain items of tangible personal property should go to upon my death. This list is hereby incorporated by reference and I trust that my Personal Representative will dispose of the property indicated in that list according to my desires expressed therein." No handwritten list was found.

Arredondo argues that the instruction contained in the sixth paragraph of the fill-in-the-blank form Will, unlike other instructions in the Will, failed to instruct the decedent to specifically name a beneficiary; consequently, the decedent filled in the form by listing various assets but failed to name a beneficiary for those assets. Arredondo claims that the instruction mislead the decedent, making the instruction and the decedent's answer ambiguous. In addition, Arredondo argues that it is clear throughout the Will that the decedent intended to disinherit his children. Specifically, Arredondo argues that the decedent's intent to disinherit his children is clear because the decedent failed to fill in the blanks when requested to name his children and the decedent wrote "NO – NO – NO" accompanied by his initials on the seventh paragraph which discussed the possibility of his grandchildren inheriting if the decedent's children predeceased the decedent. Ultimately, Arredondo claims that the ambiguity in the sixth paragraph, along with clear intent expressed in other areas throughout the Will that the decedent intended to disinherit his children, requires that the trial court allow Arredondo to present extrinsic evidence on the decedent's intent for distribution of his estate before applying the laws of intestacy, which Arredondo claims is a last resort and contrary to the decedent's intent.

Arredondo made the same arguments to the magistrate court and the district court. As set forth above, both the magistrate court and the district court concluded that the decedent's Will was not ambiguous but simply failed to name a beneficiary; consequently, distribution of the decedent's estate should pass by intestate succession. We agree.

We conclude that the district court did not err in affirming the magistrate court's granting Robin's motion for partial summary judgment because the Will does not name a beneficiary. The language of the Will is clear and unambiguous. The Will does not specifically name a beneficiary and there is no indication or evidence within the Will otherwise designating an intended beneficiary. Although Arredondo argues that the instruction in the sixth paragraph is unclear and caused the decedent to fill in the blanks with descriptions of the property but failed to indicate the names of the recipients of the property, this argument does not support a legal conclusion that the Will contains an ambiguous beneficiary requiring admission of extrinsic

5

evidence to determine the testator's intent. To the contrary, there is no intended beneficiary anywhere within the Will and this Court is "not permitted to place on the will any construction not expressed in it." *In re Corwin's Estate*, 86 Idaho at 5, 383 P.2d at 341.

Moreover, contrary to Arredondo's contention, the Will does not evidence an intent to disinherit the decedent's children. The fact that the decedent left the spaces for his children's names blank does not support such an argument because, as discussed above, the decedent also failed to name an intended beneficiary and failed to prepare a separate list of personal property when instructed to do so. In addition, the fact that the decedent wrote "NO – NO – NO" in response to the seventh paragraph is not evidence of an intended beneficiary. Rather, the preprinted paragraph is evidence of a contingent beneficiary and the decedent's remarks show that the decedent did not intend for his grandchildren to benefit from his estate if the decedent's children predeceased the decedent. Regardless, even if the Will did contain evidence that the decedent intended to disinherit his children, there is no evidence of the decedent's intended beneficiary. The decedent simply left the intended beneficiary portion blank and failed to name a beneficiary. As previously stated, the intention of the testator as expressed in his will controls and this Court will not fill in the blanks for a testator. *In re Corwin's Estate*, 86 Idaho at 6, 383 P.2d at 342 (1963) ("Courts cannot speculate as to what was in the mind of the testator . . . or what he intended to declare in his will, but our task herein is to determine what was meant by what the testatrix did declare in her will by the words she actually used therein."). Because the decedent's estate is not effectively disposed of in his Will, the estate should pass to his heirs in accordance with Idaho's intestacy laws. I.C. § 15-2-101. Therefore, we conclude that the district court did not err in affirming the magistrate court's order granting Robin's motion for partial summary judgment.

## IV.

## CONCLUSION

The district court did not err in affirming the magistrate court's order granting Robin Wall's motion for partial summary judgment. Accordingly, we affirm the decision of the district court.

Chief Judge HUSKEY and Judge BRAILSFORD **CONCUR**.

6